PAKAS v. HURLEY.

(Supreme Court, Appellate Term. October 19, 1908.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—REVIEW—FILING RETURN—EFFECT OF DELAY—SETTLEMENT OF CASE.

Municipal Court Act (Laws 1902, p. 1580, c. 580) § 317, provides that the return on appeal must be filed by the clerk within 30 days from service of the notice of appeal and payment of the costs and fees, and that the stenographer shall furnish the clerk the minutes of the trial within 10 days after the fees therefor have been paid. Section 318 (page 1581) provides for notice by the clerk to appellant's attorney of the filing of the minutes, and requires that such attorney shall cause the case on appeal to be settled on at least 3 days' notice, and that the justice shall, within 5 days after the parties have submitted their proposed amendments, settle the case and indorse their allowance or disallowance. *Held*, that the filing of the return by the clerk within the 30 days being thus more or less contingent on other matters, failure of appellant to cause it to be filed within such time does not give respondent an absolute right to have the appeal dismissed, but only a right to move for a dismissal, leaving the appellate court to determine whether the failure was due to appellant's negligence or his inability after due diligence, so that respondent should accept notice of settlement of case, though served more than 30 days after service of notice of appeal, and till dismissal of appeal appellant may use every effort to obtain the filing of the return, and for such purpose

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to secure settlement of the case by the trial justice on the day fixed by his notice therefor, though respondent was not present.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. APPEAL AND ERROR (§ 657*)—REMITTING RETURN FOR CORRECTIONS—MOVING PAPERS.

The moving papers, for an order sending the return on appeal to the trial court that respondent may offer amendments thereto, must state in what respect the return should be amended; merely alleging that it is defective not being sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2830–2833; Dec. Dig. § 657.*]

Proceeding by Solomon L. Pakas against Frank C. Hurley. From an order, defendant appealed. Plaintiff moves to send the return to the trial court for amendments. Denied.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Kurzman & Frankenheimer, for the motion.

Meyer Greenberg, opposed.

PER CURIAM. The respondent herein returned to the appellant his proposed amendments to the return upon appeal herein upon the ground that the time to file the return had expired, and he also returned the appellant's notice of settlement of the case upon the same ground. Upon the day named in the notice of settlement served upon the respondent the appellant appeared before the justice and the case was settled and subsequently filed in the Appellate Term; the respondent not appearing upon such settlement. This motion is now made for an order sending the return to the lower court for the purpose of enabling the respondent to offer his proposed amendments thereto.

Section 317 of the Municipal Court act (Laws 1902, p. 1580, c. 580) prescribes that the return must be filed by the clerk within 30 days from the service of the notice of appeal and the payment of the costs and fees. Provision is also made for the furnishing to the clerk by the stenographer the minutes of the trial within 10 days after the fees therefor have been paid. Section 318 provides for the giving of a notice by the clerk to the attorney for the appellant of the filing of the minutes, and the appellant's attorney is required to cause the case on appeal to be settled on a written notice of at least 3 days to his opponent, and the justice must within 5 days after the parties have submitted their proposed amendments settle the case and indorse their allowance or disallowance. It will therefore be seen that the filing of a return upon an appeal from the Municipal Court by the clerk within 30 days is more or less contingent upon the furnishing of the minutes of the trial of the stenographer and the subsequent giving of the requisite notice for the settlement of the case by the appellant's attorney and its final settlement by the justice, and that therefore the provision that the clerk must file the return within 30 days was evidently intended by the Legislature to be more directory than mandatory. At any rate, it has never been held that the failure of the ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pellant to cause the return to be filed within 30 days after the notice of appeal was served, etc., gave the respondent the absolute right to have the appeal dismissed.

Such a failure has always been regarded as conferring a right upon the respondent to move for a dismissal of the appeal, leaving the appellate court to determine whether such failure was the result of negligence on the part of the appellant to prosecute his appeal or through his inability after using due diligence to procure the return on appeal to be filed. The respondent should therefore have accepted the notice of settlement of the case served upon him, although more than 30 days had elapsed from the date of service of the notice of appeal, and until the appeal was finally dismissed the appellant had a right to use every effort to obtain the filing of the return, and as a step in that direction to procure its settlement by the trial justice upon the day fixed by his notice then served, even if the respondent was not present. The moving papers herein are deficient in failing to state in what respect the return should be amended. The mere allegation that it is defective is not sufficient. The error or omission in the return must be clearly pointed out. Smith v. Johnston, 30 How. Prac. 374.

Motion denied, with $10 costs, with leave to renew upon payment of such costs. Order filed.