## KILPATRICK *a.* CARR.

*New York Common Pleas; General Term, May,* 1856.

AFFIDAVITS ON APPEAL.—FALSE RETURN.—JURY TRIAL.—HOW WAIVED.

On appeal to the Common Pleas from a justice's judgment, affidavits cannot be employed in addition to the return.

Where a party demands a jury trial in a justice's court, and neglects to appear on the adjourned day, the justice may proceed to hear the cause without a jury.

Failure to pay the jury fees in season for the issuing of the *venire,* in such case, is a waiver of the right to jury trial.

Appeal from a justice's judgment.

This was an action against a constable for a false return of an execution.

INGRAHAM, F., J.—The affidavits in this case cannot be referred to, in the decision of the appeal. We are bound by the return, and cannot look at matters not contained therein.

The defendant demanded a trial by jury. On the adjourned day the defendant did not appear, and an inquest was taken before the justice without a jury. The defendant's excuse is contained in an affidavit, and cannot be available to him on this appeal, if it was sufficient. Even if we could use such affidavits, it appears by them that he did not pay the fees until it was too late to issue the *venire* for the jury, and his subsequent payment of the fee to the clerk did not entitle him to an adjournment. The statute requires the fee to be paid when the service was rendered, and unless such fee is paid before the time has elapsed within which the law requires the act to be done, it is too late. (*Laws of* 1849, 204, § 11.)

(We omit some remarks upon a question arising upon the merits.)

Judgment affirmed.

---

### STEWART *a.* BOCK.

*New York Common Pleas ; General Term, May,* 1856.

MARINE COURT.—RECOUPMENT.—COUNTER-CLAIM.

A defendant in the marine or in a justice's court, has a right to recoup damages upon the same contract on which he has been sued, so as to reduce the plaintiff's claim against him.

Whether in those courts the defendant can recover upon a counter-claim,—*Query ?*

Appeal from a judgment of the Marine Court.

INGRAHAM, F. J.—The plaintiff sued the defendants to recover for a balance due for goods sold. Upon the trial of the cause the defendants offered to prove that the goods sold were