## SUPREME COURT.

WASHINGTON G. SMITH, plaintiff in error agt. THOMAS JOHNSTON and MARCUS FIELD, defendants in error.

The return of a justice of the peace will not be set aside on the ground that it is incorrect or untrue, or defective in its statements, or that it contains immaterial matters.

Nor will it be set aside on the ground that it was drawn up by the attorney for the defendant in error, where it was afterwards "corrected, altered and fixed," by the justice, unless abuse is clearly shown.

But an amended return will be ordered, requiring the justice to answer specific interrogatories in regard to any matters material to the case, upon proper application.

A party may compel the return of evidence stricken out in the court below, for the purpose of bringing more distinctly before the appellate court the points on which he relies for a reversal of the decision.

*Broome General Term, July,* 1865.

*Before* PARKER, MASON *and* BALCOM, *Justices.*

SUMMARY PROCEEDINGS were commenced before a justice of the peace by the defendants in error, to remove the plaintiff in error from premises occupied by him as their tenant, on the ground that he held over after the expiration of his term. The tenant appeared on the return day of the summons, denied the material allegations of the defendants in error, and demanded a jury, whereupon the cause was adjourned by consent of the parties. At the adjourned day the tenant moved to set aside the precept for a jury and the panel of jurors summoned in pursuance thereof, on the ground that the persons nominated in the precept had been suggested to the justice by the attorneys for the defendants in error, and offered to prove the fact. No objection being made, he called and examined one witness, when objection being made, the justice declined to hear further testimony ; and upon the motion of the defendants in error, also struck out the testimony already given. The justice thereupon also refused to set aside the precept or the panel of jurors. A jury was then impaneled and sworn, and the cause proceeded to trial, which resulted in a verdict for the defendants in error.

The tenant obtained a writ of certiorari removing the proceedings into this court, and the justice filed a return to said writ. The justice omitted in his return all the testimony taken on the motion to set aside the precept, and afterwards stricken out by him, but expressly negatived in his return the allegation of fact on which the motion was founded. On affidavits setting forth the foregoing facts, and also alleging that the return was drawn up by the attorney for the defendants in error, and was incorrect in many particulars, the plaintiff in error now moved to set aside the whole return, or if that should be deemed inexpedient, to strike out certain portions thereof as incorrect and improper, and for an amended return containing the evidence before omitted, and also answering specific interrogatories. The opposing affidavits denied that the return

was incorrectly drawn up, and averred that the same was dictated by the justice, &c. The other material facts are stated in the opinion of the court.

E. COUNTRYMAN, *for motion.*

J. E. DEWEY, *contra.*

By the court, PARKER, P. J. The defendants in error instituted summary proceedings before a justice of the peace under the statute, to dispossess the plaintiff in error of certain premises occupied by him as their tenant, which upon a trial by jury, resulted adversely to the plaintiff in error, and he brought the case into this court by certiorari. A return having been made to the certiorari by the justice, a motion is now made for an order setting aside the return on various grounds, and directing a new one; or if it shall not be set aside, for the striking out of portions of it, and for an amended return answering various interrogatories.

The return should not be set aside on the ground that it is incorrect or untrue, or defective in its statements, or that it contains immaterial matters. The only available ground on which the plaintiff in error asks to set it aside is, that the attorney and counsel of the defendants in error improperly interfered with the getting up and making of it.

It appears that the attorney of the defendants in error made a draft of a return for the justice, which he took home with him, and "corrected, altered and fixed," to correspond with his minutes and recollection, and then caused it so corrected to be copied and filed. It was held in *Hunter* agt. *Graves* (4 *Cow.* 537), that a return drawn by the attorney for the defendant in error, would not be set aside for that reason, unless some abuse is shown, though a stricter rule is held when it is drawn by the attorney of the party seeking to reverse the judgment. I do not see any such reason to believe that any abuse has occurred here as to call for the setting aside of the return.

In regard to the amendment of the return, in answer to the several interrogatories contained in the notice of motion, I think the plaintiff in error may be entitled to it for the purpose of bringing more distinctly before the court the points of his case on which he relies for a reversal of the decision before the justice. It is not necessary here to decide whether the testimony of Mr. Brooks should have been allowed, or. was properly stricken out. I think the plaintiff in error is entitled to have it returned, with the rulings in regard to it.

There is one of the interrogatories however (the 18th), which I do not think should be allowed to be answered. It inquires in whose handwriting a portion of the return is. This is a matter not within the requirements of the writ, and by no means appertains to the return, to speak of.

The matters sought to be stricken out are neither irrelevant nor improper, but are facts material to appear in the case, and the proper subjects of a return. If any of them are untrue, they cannot be disposed of in this summary manner. I think the motion, therefore, should be denied except as to the amendment, and that an order should be entered directing the justice to answer all the interrogatories contained in the notice of motion, except the 18th, and that no costs of this motion be allowed to either party.

Order accordingly.