## Young *v.* Conklin.

(Rockland County Court — March, 1893.)

A judgment of a Justice's Court taken by default will not be reversed upon appeal under section 3064 of the Code, upon the ground that "manifest injustice has been done" where it does not appear what the defense is to plaintiff's claim or that defendant had any.

An irregular or illegal adjournment operates as a discontinuance of an action, and a judgment thereafter rendered in the action is reversible.

By the return on appeal from a justice's judgment, it appeared that the "parties stipulated to adjourn this matter to July second, at nine A. M." the day of trial. *Held*, that the adjournment being a part of the trial, the return of the justice being the record evidence of the proceedings in his court, was conclusive and could not be contradicted.

If his return is incorrect, insufficient or indefinite, the remedy of the party aggrieved is to obtain an amended return; and if a party proceeds to argument without procuring an amendment, he is bound by the facts as stated in the return.

APPEAL from a judgment of a justice of the peace.

*Arthur S. Tompkins*, for plaintiff (respondent.)

*Snider & Hopper*, for defendant (appellant.)

WEIANT, County J. This is an appeal from a judgment of a Justice's Court, taken upon default in favor of the plaintiff for thirty-eight dollars and seventy-one cents damages and costs. The same is submitted upon the return of the justice and affidavits.

Two grounds for reversal are advanced. One based upon section 3064 of the Code of Civil Procedure, providing for a new trial in certain cases where judgment is taken by default. The other upon the ground that the justice lost jurisdiction because the case was not regularly adjourned to the time when the trial was had.

The appellant has not made out a case under section 3064 of the Code, for the relief therein provided.

That section provides that, "If the appeal is taken by a defendant, who failed to appear before the justice upon the return of the summons, or at the time to which the trial of the

action was adjourned, and he shows by affidavit, or otherwise, that manifest injustice has been done, and renders a satisfactory excuse for his default, the appellate court may, in its discretion, set aside the judgment appealed from."

Thus it appears that in order that the appellant may bring his case within this provision of the law, it is necessary for him to establish that "manifest injustice has been done," and render "a satisfactory excuse for his default."

He has absolutely failed in the former. The defendant himself makes no affidavit whatever. It nowhere appears what his defense is to the plaintiff's claim, or that he has any at all. How then does it appear that any injustice has been done him. His attorney in his affidavit does not make a single statement as to the defense, or that the defendant has any. He does not even submit the usual affidavit of merits.

So that if it be assumed that a proper excuse for the default be shown, still no injustice to the appellant appears. Both are essential as we have seen from the express words of the statute.

Section 366 of the old Code contained a similar provision, and the authorities so construed it.

"To entitle a defendant to relief against a default in the court below, it is not sufficient to show a good excuse for the failure to appear; it is also indispensable to show that manifest injustice has been done by the rendition of the judgment." 2 Wait's Law & Pr. (2d ed.) 847. "Proof either of a good excuse or manifest injustice, when taken separately, will not be sufficient, since it fails to meet the statutory requirement that both facts shall be proved before relief is to be granted." Ibid.

And the facts and circumstances must be shown from which it appears, or can be inferred, that manifest injustice has been done. An affidavit of merits alone is not sufficient. Ibid.; *Fowler* v. *Colyer*, 2 E. D. Smith, 125; *Mix* v. *White*, 1 id. 614; *Armstrong* v. *Craig*, 18 Barb. 387.

As to the erroneous adjournment, it is the general rule that an irregular or illegal adjournment is a discontinuance of the

action, and that a judgment thereafter rendered is reversible on appeal. 2 Wait's Law & Pr. 358, and cases there cited.

The justice's return, however, shows that the " parties stipulated to adjourn this matter to July second, at nine o'clock A. M." which was the day on which the trial was had. This entry does not show how the stipulation of the parties was made, and in the absence of such stipulation in writing, as a part of the return, it is fair to infer that it was oral. The justice having made such an entry in his docket and no writing being produced, it must, it seems, be presumed to have been made before him in open court, rather than that he made a false entry in his docket. The defendant's attorney by his affidavit states that neither he nor the defendant, nor any one representing them, appeared before the justice after June first. He does admit, however, that about June twenty-eighth or twenty-ninth he met the plaintiff's attorney on the street, and that he stated to said attorney that July second would suit him.

The plaintiff's attorney, however, states in his affidavit that he, " deponent and the defendant's attorney agreed and stipulated in open court before the justice that the trial of the case should be had on the 2d day of July, 1892, at nine o'clock sharp, in the forenoon, and that the adjournment and stipulation of the parties was entered in the justice's docket."

If then it be true that a stipulation was thus made it seems that it was binding upon the defendant. *Richardson* v. *Brown*, 1 Cow. 255.

It seems that if the agreement between the parties had been entered into in the absence of the justice it would not have been obligatory. *Kimball* v. *Mack*, 10 Wend. 497 ; *Deland* v. *Richardson*, 4 Den. 95.

The adjournment of a cause is a part of the trial and the justice's return as to the same is conclusive. The return made by a justice is the record of the evidence and proceedings in the court below, and, being an official act, it is held to be conclusive. 2 Wait's Law & Pr. 805.

The operation of this rule is to exclude all extrinsic evidence which may be offered for the purpose of contradicting

the return, or of adding to, or diminishing the facts stated in it. Ibid.

This does not appear to be a case coming within section 3057 of the Code of Civil Procedure, where the appeal is founded upon an error in fact in the proceedings, not within the knowledge of the justice, and where the court may determine the matter upon affidavits. *Jourdan* v. *Healey*, 19 N. Y. Supp. 240, and cases there cited.

Where a return is made, and relief is sought in relation to matters which are properly a subject of return by the justice, his return as to those facts or matters is entirely conclusive. 2 Wait's Law & Pr. 805, and cases there cited; *Bates* v. *Conkling*, 10 Wend. 389; *Haines* v. *Judges of Westchester*, 20 id. 625; *Spence* v. *Beck*, 1 Hilt. 276; *Beebe* v. *Roberts*, 3 E. D. Smith, 195.

Every justice of the peace shall keep a book, in which he shall make some fifteen classes of entries, among which is, " every adjournment, stating at whose request and to what time and place." 3 R. S. (5th ed.) 456. It thus seems that the return of the justice as to this adjournment in question is conclusive and cannot be made available upon this appeal. *Hyland* v. *Sherman*, 2 E. D. Smith, 235; *Rawson* v. *Grow*, 4 id. 18.

If the return is incorrect, or insufficient, or indefinite, the remedy of the party aggrieved is to obtain an amended return. *Haines* v. *Conklin*, 10 Wend. 393; *Beebe* v. *Roberts*, 3 E. D. Smith, 195; *Smith* v. *Johnston*, 30 How. Pr. 374; *Lynsky* v. *Pendergrast*, 2 E. D. Smith, 43; *Hyland* v. *Sherman*, Id. 235; *Rawson* v. *Grow*, 4 id. 18.

Such a motion is the only remedy for correcting the return, and if the party proceeds to argument without procuring an amendment he will be bound by the facts stated in the return. *Capewell* v. *Ormsby*, 2 E. D. Smith, 180.

The court will not look into affidavits for proof of the existence of errors, and if a party neglects to procure an amended or further return which shows them, the judgment will be affirmed. *Trust* v. *Delaplaine*, 3 E. D. Smith, 219; *Kilpatrick* v. *Carr*, 3 Abb. 117.

It is well to observe that in all cases where judgments of Justice's Courts have been reversed because of an irregular or illegal adjournment, the facts have appeared in the return or record upon which the appeal was heard, showing the adjournment to have been illegal.

The judgment of the Justice's Court is accordingly affirmed, with costs.

Judgment affirmed.