finance committee, and directed the bill to be returned to the relator, which was done. The relator then sued out the present writ of certiorari.

We are of the opinion that he has mistaken his remedy. The board of trustees really made no decision or determination such as it is the office of a writ of certiorari to review. They did not pass upon the fairness or reasonableness of the amount claimed by the relator. The single sentence in their return, declaring that they "also believed that the claims were excessive," does not affect its general tenor, which plainly shows that the board refused to audit the relator's bill for want of legal power, as they supposed, to do so. In other words, by voting not to pay it, they really declined to exercise their judgment at all in reference to the items on the aggregate claim, and so declined to fix the relator's fair and reasonable compensation, as required by the act of 1895. For this nonaction on their part, the appropriate remedy would seem to be a proceeding by mandamus.

The statute declaring that the members of village boards of health shall be entitled to such fair and reasonable compensation as the board of trustees shall fix went into effect before the beginning of the relator's term of office, in May, 1895. Consequently there is no good reason for saying that he accepted the appointment without compensation, unless it is necessary that an appropriation to pay a member of the board of health, under the first section of the act of 1895, must always be made before his services are rendered. Such a construction, however, does not seem to be required. It might well happen that, in the work done by a village board of health, the value of the services could be judged much more accurately after they were performed than in advance of their rendition; and in such cases we can see no valid objection to paying for them by means of an express appropriation subsequently made. But, as has already been intimated, the appropriation made in March, 1896, appears to have been wholly of a prospective character, and is, therefore, not available to the relator. Before he can be paid he must have his compensation fixed by the village trustees, and an appropriation made expressly for its payment.

The writ of certiorari should be dismissed, but without costs, and without prejudice to such other proceedings as the relator may be advised to institute. All concur.

---

(12 App. Div. 599.)

## SUITOR v. KENT.

(Supreme Court, Appellate Division, Third Department. January 6, 1897.)

1. JUSTICES OF THE PEACE—APPEAL—EXCLUSIVE RIGHT.
Facts stated by a justice in his return cannot be contradicted by recitals in a written motion made before the justice and attached to the return; but the remedy, if the return is incorrect, is by moving for a further return.

2. SAME—ADJOURNMENT OF TRIAL—NEW VENIRE.
A justice, on the disagreement of the jury, may adjourn the case, by consent of parties, without issuing a new venire, to the adjourned day, where plain-

tiff assents to the adjournment and waives his right to a jury trial, and defendant's attorney states that he does not demand a jury, but that he wants the case tried according to law.

Appeal from Ulster county court.

Action by George Suitor against Charles Kent, as administrator, substituted in place of Oliver P. Kent, deceased, for the recovery of a sum of money. From a judgment in favor of defendant, on a verdict dismissing plaintiff's complaint, plaintiff appeals. Reversed.

The plaintiff commenced his action against the defendant, and issue was joined, and the case was adjourned by mutual consent to August 4, 1892, after drawing a jury called at the request of the plaintiff. On the 4th day of August, 1892, the jury was drawn from the persons summoned, and the parties proceeded to trial. The jury disagreed, and they were thereupon discharged, all parties being present. The record of the justice shows that the parties then consented to an adjournment until August 10, 1892. The plaintiff then stated to the court "that he waived a trial by jury, and did not call a new jury. The attorney for the defendant then stated that did not demand a jury, but stated that he wanted the case tried according to law. I did not issue a new venire. On the adjourned day, August 10, 1892, the parties appeared as before, and the attorney for the defendant moved to dismiss the complaint upon the ground that the justice had no jurisdiction to try the said cause, for the reason shown in the written motion, made by said attorney, which is hereto attached. The motion was granted, and judgment was therefore entered against the plaintiff for $11.75." The written motion which is referred to in the minutes of the justice was filed on the last adjourned day, and in it the defendant demurred to the jurisdiction of the court to further hear and determine the case, upon the grounds, to state them briefly, that, after the jury had failed to agree, "the court failed to immediately call and draw a new jury, as required by law; second, that the court has failed to draw any jury, since such disagreement, to try the cause; and, third, that, when the jury had disagreed, and was discharged, the plaintiff's attorney said to the court that he waived a jury, and did not want a jury drawn on his account," etc. It was insisted, on the part of the defendant, "that the plaintiff could not waive a jury; that, the plaintiff having called a jury, and such jury having failed to agree, it was the duty of the justice to immediately draw a new jury to try the cause; that the law must take its own course; that he would not agree to dispense with a jury."

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

E. Dayton, for appellant.

C. M. Woolsey, for respondent.

HERRICK, J. The judgment of the county court and of the justice's court should both be reversed. The justice's record states the justice's version of what took place at the time of the disagreement and discharge of the jury and of the agreement to adjourn to the subsequent day. The filing of the written motion, which contains a statement of facts as to what took place before the court at such time, and which is at variance with the justice's record, cannot be taken, and considered by the court upon appeal, as a correct statement of the facts upon which the appeal is to be heard and decided. Such appeal must be heard upon the record of the justice. If that is not correct, either party has his remedy by moving for a further return. The record, if incorrect, cannot be changed by filing, upon a motion, a statement containing facts different from those set forth by the justice.

The fact that the defendant had not previously demanded a jury trial, coupled with the fact that the plaintiff announced that he waived his right of trial by jury, and the statement of the defendant's attorney that "he did not demand a jury," it seems to me, amply justified the justice in adjourning, without issuing a new venire, to the time agreed upon by the parties, and that thereby he did not lose jurisdiction.   If the defendant's attorney, while stating that he did not demand a jury, meant to be understood, by his statement "that he wanted the case tried according to law," that he thereby did not waive a jury trial, but desired the case to be again submitted to a jury, he should have made his purpose and intent more distinct and clear.   Parties desiring to raise objection, or to seek rulings of the court, must make their objections and requests plain and precise, so that there can be no misunderstanding, and neither the court nor their adversaries be misled.   In this case both the court and the plaintiff were justified in believing that the defendant did not require a trial by jury, and the defendant, in consenting to an adjournment without a venire for a new jury being issued pursuant to the provisions of the Code, lost all right to object to the jurisdiction of the court to try the case on the adjourned day without a jury.

The judgments of the county court and of the justice's court should be reversed, with costs and disbursements of this appeal, and costs and disbursements in the county and justice's courts.   All concur.