(21 Misc. Rep. 342.)

### MULLANE v. ROBERGE.

(Supreme Court, Appellate Term. October 1, 1897.)

1. SUMMARY PROCEEDINGS—DEFAULTS—VACATION.
    The statute (Code Civ. Proc. § 3064) providing that a judgment by default, in a justice's court, may be set aside on appeal when the appellant shows "that manifest injustice has been done, and renders a satisfactory excuse for his default," applies (by Id. § 3213) to district courts, and governs appeals from final orders entered by default in summary proceedings.

2. SAME—EXCUSE FOR DEFAULT.
    The mere fact that a defendant reached the trial court half an hour too late, and after the case had been duly disposed of, constitutes no excuse for the default.

3. SAME—AFFIDAVIT OF MERITS—SUFFICIENCY.
    In order to show that manifest injustice has been done him by the entry on default of a final order in summary proceedings, an appellant must show that a valid defense exists to the petitioner's demand, and a mere affidavit containing no allegations of facts controverting the material averments of the petition is insufficient.

Appeal from Eleventh district court.

Summary proceedings by Katie Mullane against Franklin P. Roberge. From a final order in favor of plaintiff on default of appearance of defendant, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Frank H. Gray, for appellant.
E. L. Abbett, for respondent.

BISCHOFF, J. Upon the plaintiff's verified petition, setting forth the fact of nonpayment of rent due, a precept in summary proceedings was issued, returnable the 8th day of February, 1897, at 8:45 a. m., and was duly served upon the defendant, for whose failure to appear upon the return day, at the time specified, a final order was made, awarding possession of the premises to the plaintiff, as prayed for by the petition. Subsequently a motion to open the default, and for leave to serve an answer, was made before the justice, which motion was denied; and this appeal from the final order was taken, based upon copies of affidavits which, by stipulation of counsel, are to be given effect as though the original papers. All that ap-

pears from these affidavits is that a clerk of the defendant's attorney, provided with a verified answer in the proceedings, appeared at the district court on the return day, but not until 9:16 a. m., half an hour after the time specified in the precept, and then discovered that the case had been called and disposed of,—a most natural and orderly result of the failure to observe the process of the court; and yet we are asked to set aside the proceedings, in justice to the defendant.

An appeal of this character is governed by the provisions of section 3064 of the Code of Civil Procedure (applicable to district courts by section 3213), and may only be entertained where the appellant shows "that manifest injustice has been done, and renders a satisfactory excuse for his default." See Jewell v. Heinzel, 6 Daly, 411. Here no excuse for the default was attempted, and to relieve the party merely upon his confession that he appeared too late would be to encourage laxity of obedience to the mandate of the court, and to promote disorder where regularity is essential. Nor can we say that manifest injustice has been done, since it is not shown that there exists a valid defense to the plaintiff's demand. The proposed answer was not, apparently, among the papers filed with the justice upon the motion to open the default as addressed to him, and it is not furnished upon this appeal. We have only the defendant's statement, contained in his affidavit, that he is not indebted to the plaintiff, but no facts are alleged in controversion of the averments of the petition that the rent is due and unpaid. The defendant's conclusion that there is no indebtedness may, for all that appears, be founded upon an assumed affirmative defense, by way of confession and avoidance, which may be found utterly untenable if tested. We are not justified, therefore, in granting the relief sought.

Final order affirmed, with costs. All concur.