(118 App. Div. 509)

PITKIN et al. v. CLIFFORD.

(Supreme Court, Appellate Division, Third Department. March 13, 1907.)

JUSTICES OF THE PEACE—APPEAL—RETURN—AMENDMENT.

> Where, on appeal from a justice of the peace, the return showed that judgment was rendered on a verified complaint, but, on motion by plaintiffs for an amended return, supported by the affidavit of the justice, it appeared that judgment was in fact rendered on oral testimony, the motion should have been granted.

Appeal from Saratoga County Court.

Action by John H. Pitkin and another against Matthew Clifford. Appeal by plaintiffs from an order denying a motion for an amended return, on an appeal by defendant from a justice of the peace. Reversed, and motion granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, SEWELL, JJ.

Harry C. Todd (James A. Leary, of counsel), for appellant.
Willard J. Miner, for respondent.

JOHN M. KELLOGG, J. The return of the justice shows the appearance of the plaintiffs, and that the defendant did not appear, that the plaintiffs complained by verified complaint, and that, after waiting an hour, the defendant not appearing, he rendered judgment upon the verified complaint. The alleged complaint purports to be sworn to by one of the plaintiffs before the justice on the day judg-

ment was rendered. The moving papers tend to show, by the affidavit
of one of the plaintiffs, the justice, and the attorney who appeared for
the plaintiffs, that the complaint was oral; that the plaintiffs were
sworn and orally gave evidence, which was reduced to writing, and
which constitutes the alleged verified complaint. By the amended re-
turn, the plaintiffs seek to have returned a statement of what actually
took place before the justice. The important circumstance sought to
be returned is that what is called the "verified complaint" by the jus-
tice was in fact an abstract of the oral testimony. If the plaintiffs
produced evidence before the justice, and the justice in his return has
called that evidence a "verified complaint," it would be a miscarriage
of justice that plaintiffs should now be defeated on account of such
an error by the magistrate. If plaintiffs' oral evidence was taken in
court, it is not, perhaps, very material what the justice called it. The
court wants the facts, and the mistake of the justice in calling the
plaintiffs' testimony a "verified complaint" cannot vitiate the pro-
ceedings.

The order of the County Court should be reversed, with costs, and
the motion for an amended return granted, without costs. All concur.

COCHRANE, J. (concurring). It has been held that a return of a
justice may not be contradicted by an amended return. Barber v.
Stettheimer, 13 Hun, 198; Fitzgerald v. Fitzgerald, 25 Hun, 319;
Bennett v. Taylor, 70 Hun, 51, 23 N. Y. Supp. 1094; Thompson v.
Sheridan, 80 Hun, 33, 29 N. Y. Supp. 868. Those cases probably
express the general rule, but such rule should not be extended beyond
the facts to which it has been applied. If a justice makes a mistake
in his original return, it certainly should not be held that he is fore-
closed from correcting his own mistake. In Wait's Law and Practice,
(5th Ed.) vol. 3, p. 962, it is said:

"If a return is defective on account of some mistake made by the justice
either in omitting or in erroneously stating material matters, he may apply
to the County Court for leave to amend or correct his return."

The author cites no authority in support of his proposition. But
in Simpson v. Carter, 5 Johns. (N. Y.) 350, a justice was permitted,
on his own motion, to correct his return, where he had been imposed
on by the fraud of one of the parties. No good reason exists why
the same privilege should not be accorded to him in case of a mistake.
On the contrary, every argument is in favor of the correction of mis-
takes. The denial of such a privilege would be manifestly unfair,
not only to the justice, but to the party against whom the mistake
is made. The motion in this case is in form made by one of the par-
ties, but it is based on an affidavit of the justice showing that an er-
roneous return has been made by him as a result either of his inad-
vertence or misinformation. If, on this affidavit, the justice himself
were asking for leave to correct his return, no authority of which I
am aware holds that his request should be denied. This motion, al-
though made by the plaintiffs, should be considered from the stand-
point of the justice, based, as it is, on his affidavit, and should be
treated as though it were in fact made by him. Thus considered, the

.motion should have been granted. The opposing affidavits show that the return already filed is correct, and that the proposed amendment would pervert the facts. If the justice makes a false amended return, the defendant will have his remedy; but the justice should be at liberty to have his return state what he claims to have been the facts.