Judgment reversed and new trial ordered, with costs, to abide event.

---

JOHN E. COLEMAN, Respondent, *v.* MITCHELL B. KEADY, Appellant.

(County Court, Yates County, March, 1907.)

Justices of the peace — Appeal and error — Review — Questions considered — Relief from default — Manifest injustice.
Code of Civil Procedure, § 3064.

> Where, upon appeal from a justice's judgment taken upon defendant's failure to appear, the affidavit of his attorney shows that defendant gave him the summons served with directions to put in an answer; that defendant stated the supposed case to the attorney

who advised him that, if it was the same, defendant had a good and valid defense; that the attorney had other engagements which so occupied his time that he forgot, and the direction of the defendant was not carried out; that the attorney omitted to make entry in his journal on his return to his office, all of which was on account of pressure of matters of business; and, by way of excusing delay in bringing the appeal to argument, the attorney states, in another affidavit, that he has been endeavoring to settle the differences between the parties, both of them having been his clients, and that the plaintiff had expressed a desire that that be done; and the defendant also swears, in an affidavit supplementing the statements of his attorney, that he is not indebted to the plaintiff, and never was, for the alleged cause of action upon which the judgment was rendered, the judgment must be affirmed upon the ground that the defendant has neither made " a satisfactory excuse for his default " nor established that " manifest injustice has been done " within the meaning of section 3064 of the Code of Civil Procedure.

APPEAL from a judgment of a justice of the peace.

Lyman J. Baskin (Thomas Carmody, of counsel), for appellant.

Huson & Lincolnn, for respondent.

KNOX, J.   This is an appeal under section 3064 of the Code of Civil Procedure from a judgment of a justice's court taken upon default of defendant to appear on the 19th day of June, 1906.

Under this section it becomes necessary for a defendant against whom a judgment by default has been taken before a justice to satisfactorily show that " manifest injustice has been done " and render " a satisfactory excuse for his default." Jewell v. Heinzel, 6 Daly, 411.

We have submitted to us the return of the justice and the affidavits of the defendant and his attorney.

An analysis of the affidavit of the attorney shows that the defendant, when the summons was served on him, handed it to the attorney with directions to put in an answer and join issue on the return day of the summons; that the defendant had stated the supposed case to the attorney and the attorney had advised him after such statement that, if it was

the same, the defendant had a good and valid defense thereto; that the attorney had other engagements which so occupied his time that he forgot and the direction of the defendant was not carried out; that the attorney omitted to make entry in his journal as was his usual custom, on his return to his office in Geneva, all of which was on account of the pressure of matters of business upon him; and, in his second affidavit, the attorney, by way of excusing delay in bringing the appeal to argument, states that he has been endeavoring to settle the differences between the parties, both of them having been his clients, and the plaintiff has expressed a desire to have an amicable adjustment of his differences with the defendant.

The defendant in his affidavit supplements the statements made by the attorney in his affidavit and then says, "that deponent is not indebted to the said plaintiff and never was for the alleged cause of action upon which said judgment was rendered as he was able to prove on a trial for which this appeal was taken and will suffer great loss if the said judgment is not reversed and a new trial granted."

I am of the opinion that the appellant has not made out a case under the section of the Code cited:

It will be observed that, to bring himself within the provisions of the section, he must establish two things, namely, he must make out "a satisfactory excuse for his default," and establish that "manifest injustice has been done."

I think he has failed in the former fact; but, assuming for the purposes of this case he has shown a proper excuse for the default, still it is necessary the other fact shall also be thoroughly established.

The most that may be maintained in behalf of defendant is that the affidavits contain an affidavit of merits. This alone is not sufficient.

The facts and circumstances must be shown from which an inference may be drawn, or from which it may appear, that manifest injustice has been done. The defendant swears that he "is not indebted to the said plaintiff and never was for the alleged cause of action upon which said judgment was rendered."

Clearly this is simply a statement or conclusion of the defendant and not such a spreading out or averment of the facts and circumstances as is required to satisfy the provisions of the section or well-known adjudicated cases.    2 Waits' Law & Practice (3d ed.), 847 *et seq.;* Young v. Conklin, 3 Misc. Rep. 122; Jewell v. Heinzel, 6 Daly, 411; Mullane v. Roberge, 21 Misc. Rep. 342.

The judgment of the justice's court is affirmed, with costs.

*Judgment affirmed, with costs.*