(173 App. Div. 521)

BENNETT v. COLE.

(Supreme Court, Appellate Division, Third Department.   June 30, 1916.)

1. COURTS ⬅2—JUDGMENT—POWER OF COURT—"JURISDICTION."
      "Jurisdiction" is the power to consider and decide one way or the other, as the law may require.
      [Ed. Note.—For other cases, see Courts, Dec. Dig. ⬅2.
      For other definitions, see Words and Phrases, First and Second Series, Jurisdiction.]

2. JUSTICES OF THE PEACE ⬅155(1), 169—APPEAL AND ERROR—STATUTORY REQUISITES.
      Under the direct terms of Code Civ. Proc. §§ 3046, 3062, a County Court acquires appellate jurisdiction from Justice Court only when appeal is taken within 20 days from entry of judgment in justice's docket, and when appeal is brought on for argument by eight days' notice.
      [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 524–527, 529, 652, 653;   Dec. Dig. ⬅155(1), 169.]

3. JUSTICES OF THE PEACE ⬅189(5)—APPEAL—VACATING JUDGMENT—WANT OF JURISDICTION.
      The proper procedure, where judgment has been entered in an appeal from Justice's to County Court, which appeal was without jurisdiction, is to ask that the judgment be vacated.
      [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 733;   Dec. Dig. ⬅189(5).]

Appeal from Hamilton County Court.

Action by Richard Bennett against Charles Cole.   From an order denying plaintiff's motion to vacate judgment reversing judgment of justice of the peace for plaintiff, plaintiff appeals.   Reversed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Frank Hurley, of Glens Falls, for appellant.
W. H. Bass, of Northville, for respondent.

HOWARD, J.   This action was begun in a Justice's Court in the town of Long Lake, Hamilton county, by the personal service of a summons upon the defendant.   On the return day, September 11, 1914, at 2 p. m., the parties appeared in person before the justice of

the peace at Raquette Lake and pleaded orally. The case was adjourned to October 15th, at Long Lake. In the meantime the justice was taken ill, and on October 7, 1914, he wrote to each of the litigants, telling them of his indisposition, and his inability to try the case on the adjourned day. Later he met each of the parties and by personal interview with them fixed November 16th, at 3 p. m., as the time, and Raquette Lake as the place, for the trial. A jury having been demanded by the defendant at the time of the joinder of issue, a venire was issued by the justice, returnable November 16th, containing the names of six jurors. On November 16th, at 3 p. m., at Raquette Lake, the justice was present, the jurors attended, and the plaintiff appeared, but the defendant did not appear. After having waited an hour, the justice rendered a judgment in favor of the plaintiff and against the defendant for $12.50 damages and $2 costs.

From that time until the 15th of September, 1915, more than nine months, the matter slumbered. On the latter date the defendant served a notice of appeal upon the plaintiff and the justice of the peace. This notice was dated September 10th, and was served by mail. No notice of argument was ever served upon the plaintiff. On the 5th day of October, 1915, the defendant's attorney appeared at a regular term of the County Court of Hamilton county and presented the appeal to the court ex parte and took a judgment reversing the judgment of the justice of the peace. Subsequently the plaintiff appealed to the Appellate Division, but withdrew that appeal, and moved before the County Court for an order vacating the judgment of the County Court on the grounds that the court was without jurisdiction to hear the appeal and grant judgment. This motion was denied, and it is from the order denying the motion that this appeal is taken.

Much of the procedure before the justice was irregular, so much so that the judgment ought not to stand. But a judgment procured by irregular procedure in a Justice's Court cannot be vacated by irregular procedure in the County Court. Section 3046 of the Code of Civil Procedure provides that the appeal from a judgment of a justice of the peace must be taken within 20 days after the entry of the judgment in the justice's docket, except that in a case where the defendant did not appear in the action, and the summons was not personally served upon him, he may appeal within 20 days after personal service upon him of notice of the entry of the judgment. In this case the defendant did appear. personally in the action and the summons was personally served upon him. Therefore his time to appeal was limited to 20 days after the entry of the judgment, which was November 16, 1914. The attempt of the defendant more than 9 months thereafter to appeal was an absolute nullity. It was wholly without any statutory warrant or judicial sanction. So far as the statute goes, it might as well have been attempted 9 years later as 9 months later.

But if the defendant labored under the mistaken notion that he did not appear personally in the action and was not personally served with the summons, and therefore had a right under section 3046 of the Code to appeal after the expiration of 20 days after the entry of the judgment in the justice's docket, even then he wholly ignored the provi-

sions of the Code in bringing on his supposed appeal for argument. Under section 3062 the appeal could only have been brought on for hearing by a notice of not less than 8 days. No notice whatever was given, and the plaintiff was wholly ignorant of the time and place of the argument and of the fact that the defendant was about to appear in court to ask for a reversal of his judgment. The plaintiff never had his day in court.

[1-3] It follows that the County Court acquired no jurisdiction in the case; that is, acquired no right to hear the supposed appeal. "Jurisdiction is the power to consider and decide one way or the other, as the law may require." Geneva Furniture Co. v. Karpen, 238 U. S. 259, 35 Sup. Ct. 788, 59 L. Ed. 1295. A County Court only acquires power to "consider and decide" an appeal from a Justice's Court when the appeal is taken within the statutory 20 days from the date of the entry of the judgment in the justice's docket, and he can only "consider and decide" the appeal when it is brought on for argument by an 8 days' notice. Neither of these requirements were observed; hence the county judge was not clothed with any power to consider the matter or pass judgment upon it. No matter how apparent the irregularities before the justice of the peace may have been, the County Court never having been vested with jurisdiction, it could not vacate those irregularities, or even consider them. As soon as this situation was pointed out to the county judge, it was his duty to vacate his judgment, rendered without jurisdiction.

The plaintiff proceeded properly in asking the county judge to vacate the judgment, and the failure of that court to do so was error. It follows that the order of the County Court should be reversed, with costs.

Order of the County Court reversed, with costs. All concur; LYON and COCHRANE, JJ., in result, on the ground that notice of hearing of the appeal was not given in the County Court.