HENRY GRAVES, Respondent, *v.* WILLIAM JONES, as Sheriff of Madison County, Appellant.

County Court, Madison County, March 7, 1934.

*Costello, Cooney & Fearon,* for the appellant.

*Ralph W. France,* for the respondent.

CAMPBELL, J. This is an appeal from a judgment of Justice's Court of the town of Lebanon, Madison county, N. Y., rendered in favor of the plaintiff, respondent, which awarded the possession of an automobile, the property replevined, to the plaintiff.

The defendant, appellant, has appealed for a new trial in this court; the plaintiff, respondent, moved to dismiss the appeal on two grounds: *First.* That no issue of fact was raised in the lower court. *Second.* That no undertaking was given to perfect the appeal.

Section 434 of the Justice's Court Act provides that an undertaking be given when the appeal is taken under section 428. The appellant does not seek to stay execution and contends that an undertaking was not necessary to perfect his appeal. This appeal being for a new trial and an action to recover a chattel is controlled by sections 442 and 443 of the Justice's Court Act.

Section 443 provides that where an appeal is taken under section 442 it is necessary to give the undertaking provided for in section 434, which section provides for staying execution of the judgment under section 428, but here a new trial is demanded and the undertaking is mandatory under section 443. The words " to stay the execution " contained in section 443 simply refer back to section 434. The language is somewhat verbose, but from a careful reading it is plain that the intent is to require an undertaking in every case where a new trial is asked for or where an action is brought to recover a chattel. (*J. & M. Electric Co.* v. *Centotella,* 77 Misc. 670; 8 Wait Law & Pr. [3d ed.], p. 125, § 6.)

If this were the only question in the case the court would grant relief to the appellant by allowing him to file the undertaking required, since there is ample authority for such procedure under the cases cited. The justice's return, however, shows no answer was filed, either orally or written. The plaintiff's attorney appearing before the justice of the peace stated that the affidavit used in replevin would constitute the complaint. The defendant's attorney remarked that he would file an affidavit as to value, but no such affidavit appears in the return or is anywhere referred to. The return is conclusive as to the facts stated in it.

If a return fails to state all the facts, it may be corrected by an amended return, or if it be false, the relief is an action against the justice. (*Thompson* v. *Sheridan,* 80 Hun, 33, 34.)

Unless an issue was raised in the lower court, the appellant is not entitled to a new trial, but if an issue of fact or law was joined

the defendant, appellant, is entitled to a new trial whether or not the defendant was or was not present at the trial. (Justice's Ct. Act, § 442; 8 Wait Law & Pr. [3d ed.], p. 125, § 6.)

There are two cases squarely decisive of the question which are decisions of the Appellate Division of this (the Third) Department of this court. (*Thorn* v. *Roods*, 47 Hun, 433; *Doughty* v. *Picott*, 105 App. Div. 339.)

In the latter case it was stated as follows: " In the case now before us it is clear that the defendant and appellant was not entitled to a new trial on appeal; the original return shows that very clearly. No issue of fact or law was joined before the justice. In fact, the defendant did not at any time appear before him. Hence he was not entitled to demand a new trial in his notice. But, nevertheless, he had the right to appeal. (3 Wait Law & Pr. [7th ed.] 585.) And the fact that he asked in his notice more than he was entitled to does not render the whole notice inoperative, nor deprive him of the appeal which he has, in fact, taken. In such a case the County Court may, upon the appellant's application, remove the case from the trial calendar to the law calendar and thereafter treat the case as an appeal taken under section 3046 merely; and in such cases, if necessary, an order may be entered requiring the justice to make an amended return that will conform to the requirements of section 3053. (*Hinkley* v. *Troy & Albia R. R. Co.*, 42 Hun, 281, 285; *Baum's Castorine Co.* v. *Thomas*, 92 id. 1; *Hall* v. *Werney*, 18 App. Div. 565, 566, and cases cited.) "

Had this been an appeal involving a question of law and no new trial had been demanded, even though there was no issue and no appearance, the appellant would be entitled to his day in court, but such is not the case and under the authorities the motion must be granted and the appeal dismissed.

An order may be prepared and submitted accordingly.