CHARLES MARSH, Appellant, *v.* BYRON PECKHAM and Another, Respondents.

Fourth Department, May 22, 1935.

*James S. Pierce* [*James Cash* of counsel], for the appellant.

*Newman & Newman* [*Claude L. Newman* of counsel], for the respondents.

LEWIS, J. The plaintiff has been awarded a judgment by a Justice's Court following the trial of a negligence action. Incidental to an appeal by the defendants to the County Court and after the justice had filed his return in accord with section 438 of the Justice Court Act, a motion was made by defendants to require the justice to make a further or amended return. Before that motion was determined, however, the defendants secured an order directing the plaintiff to show cause in County Court why the return filed

by the justice should not be set aside. The affidavit upon which the order issued was by counsel for the defendants and alleged that there had been omitted from the return certain material evidence which had been introduced upon the trial, and that there was no record of certain motions and objections to evidence interposed on behalf of the defendants. At the hearing in County Court upon the order to show cause the justice appeared under subpœna and was questioned as to the alleged defects in the return.

Although we are not called upon to determine here the legal propriety of thus examining the justice of the peace upon the sufficiency of his return, we note from his testimony that he had knowledge of certain material evidence and various objections which he had apparently inadvertently omitted from the return. However, no order was made by the County Court upon defendants' motion to require the filing of a further or amended return. Instead, following the hearing upon the order to show cause, an order was made directing that the return filed by the justice be set aside. Later, on the same day, a second order was granted by the county judge reversing the judgment of the Justice's Court and directing a new trial before another justice of the peace. These two orders of the County Court are now before us upon appeal by the plaintiff.

The statutory procedure for the review of a judgment rendered by a justice of the peace in a civil action is of early origin and is now to be found in article 19 of the Justice Court Act. The appeal is limited to the County Court where a justice of the peace is required to file a return which, if a new trial is not demanded, " must contain all the proceedings, including the evidence and the judgment." (Justice Ct. Act, § 438.) The return is a record of the proceedings had before the justice and is conclusive as to what occurred upon the trial. (*Barber* v. *Stettheimer*, 13 Hun, 198; *Smith* v. *Johnston*, 30 How. Pr. 374.) If it is found to be defective the County Court, upon application by any party aggrieved thereby, " may direct the justice to make a further or amended return *as often as is necessary.*" (§ 440.) In support of such an application affidavits may be used to point out alleged defects in the return. (*Lynsky* v. *Pendegrast*, 2 E. D. Smith, 43; *Capewell* v. *Ormsby*, Id. 180; *Trust* v. *Delaplaine*, 3 id. 219; *Pitkin* v. *Clifford*, 118 App. Div. 509, 510. Cf. 3 Wait Law & Practice [8th ed.], pp. 2896–2898.) It is to be noted, however, that the rule forbids the use of affidavits or evidence to contradict the contents of a return except in support of an application for an order requiring a justice to make a further or amended return. (*Kilpatrick* v. *Carr*, 3 Abb. Pr. 117; *Spence* v. *Beck*, 1 Hilt. 276; *Beebe* v. *Roberts*, 3 E. D. Smith, 195; *Suiter* v. *Kent*, 12 App. Div. 599, 601.)

After hearing the appeal " the appellate court must render judgment according to the justice of the case without regard to technical errors or defects which do not affect the merits. It may affirm, modify or reverse the judgment of the justice in whole or in part and as to any or all of the parties and for errors of law or of fact, and where the judgment is contrary to or against the weight of the evidence the appellate court may, upon its reversal of a judgment, order a new trial." (§ 451.)

Although the statute last quoted required the County Court upon its review of the judgment in this action to disregard technical errors which did not affect the merits of the case (Cf. *Schoonmaker* v. *Spencer*, 54 N. Y. 366, 370), that rule did not permit the reviewing court to adopt a different procedure on appeal from that which the Legislature has prescribed. " A judgment procured by irregular procedure in a Justice's Court cannot be vacated by irregular procedure in the County Court." (*Bennett* v. *Cole*, 173 App. Div. 521, 522.)

A departure from the statutory procedure in the case at bar has brought about an anomalous situation which calls for correction. The County Court did not determine defendants' pending application for an order requiring the justice of the peace to make a further or amended return which would have afforded the justice an opportunity to correct any inadvertent error in the record to which his attention was directed. Instead, the court, acting upon an affidavit verified by counsel for defendants and upon testimony taken upon the return of the order to show cause already mentioned, made an order directing that the return of the justice be set aside. By doing so the County Court, in legal effect, erased the entire record which — unless corrected by a further or amended return — was conclusive on appeal. The procedure adopted was not in accord with statutory requirements and led to an order which prejudiced the plaintiff's rights by depriving him of any benefits he may have gained upon the trial.

Another consequence of the order setting aside the return was to leave nothing as a basis for the subsequent order which reversed the judgment of the Justice's Court and directed a new trial. Obviously the County Court could not reverse the judgment of the Justice's Court which had as its sole basis the return which had been *previously* set aside. Likewise, having set aside the return, there remained no record before the County Court which afforded a basis for an order directing a new trial under section 451 or section 453 of the Justice Court Act.

We conclude that the order directing that the return filed by the justice of the peace be set aside and the order reversing the judg-

ment of the Justice's Court and directing a new trial before a different justice should be reversed on the law, with costs, and the case remitted to the County Court for a determination of the appeal upon the return as originally filed, without prejudice, however, to an application by either plaintiff or defendants in County Court for an order directing the justice to make a further or amended return.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Orders reversed on the law, with ten dollars costs and disbursements, and matter remitted to the County Court to proceed further upon the return without prejudice to further motion to require an amended or further return.