Hugh R. Elwyn, Acting County Judge.
The defendant appeals from a judgment of the Justice’s Court of the Town of Fallsburgh in the amount of $150 plus- $10 costs, entered upon the verdict of a jury after trial of a negligence action.
The defendant raises two points of law upon this appeal. First, it is urged that the Justice of the Peace committed error in refusing to charge the jury, although the defendant’s counsel specifically requested him to do so, and in refusing all of the defendant’s requests to charge, and second, that the verdict of the jury represents a compromise verdict which may not be allowed to stand. The second ground urged for a reversal of the judgment is without merit, but the first would require a reversal were it not for the apparent failure of the defendant to object thereto. Since the first ground urged for reversal deserves more lengthy consideration than the second, they will be considered in inverse order.
In support of the contention that the jury’s verdict was a compromise verdict the defendant points out that the only evidence introduced at the trial as to the cost of repair of the plaintiff’s automobile was a repairman’s estimate of $303.81. No other evidence of the cost of repair having been introduced by either party, the defendant concludes that the jury’s verdict of $150 must have been a compromise verdict which the courts will not allow to stand, citing Cohen v. City Canal Corp. (279 App. Div. 897) and Friend v. Morris D. Fishman, Inc. (302 N. Y. 389).
The situations presented in the two cases cited by the defendant were altogether different from the present case and are readily distinguishable.[1] In this case the damages were wholly unliquidated and the jury could reasonably find a verdict for the plaintiff in an amount less than his witness ’ estimate of the cost of repairs. This case is rather governed by the rule of *959 Hamilton v. Owego Water Works (22 App. Div. 573, affd. 163 N. Y. 562) in which the appellate court (3d Dept.) sustained a verdict for the plaintiff, although the vérdict was less than half the amount testified to by the plaintiff who had sustained property damage as the result of a fire. The appellate court said (p. 577): “ This case does not come within any of the classes of cases I have referred to [quotient and compromise verdicts]. The fact that the plaintiff is entitled to recover being established, there is no liquidated sum, neither can the amount to be paid be determined mathematically, nor is there anything to measure the recovery by. The jury must, therefore, be left to determine what the compensation should be by deliberately exercising their judgment upon the evidence in the case, and that evidence, although uncontradicted by the defendant, was not, as we have seen, conclusive upon them; they were at liberty to find for a less amount than plaintiff swore the property was worth.”
Commenting further upon gury verdicts generally the same court said (p. 578): “ I presume most verdicts for damages, where the amount demanded is unliquidated, or the amount to be recovered does not follow at a fixed sum, or one that can be mathematically determined, after the defendant’s liability at all is established, are compromises. That seems necessarily to follow from having twelve men instead of one. If every juror persisted in voting for the exact amount he thought was proper to be awarded, we would very seldom reach a verdict in the class of damage cases I have referred to. I do not think, therefore, that a verdict should be set aside because of a compromise upon the question of damages only, when the damages to be awarded are not fixed or liquidated, or are not subject of mathematical determination, or the amount thereof does not necessarily or legally flow from the determination that the plaintiff has established his cause of action.” (See, also, Driscoll v. Nelligan, 46 App. Div. 324; McCormick v. Rochester Ry. Co., 133 App. Div. 760; Camp v. Camp, 244 App. Div. 866; Newburgh Transfer & Stor. Co. v. Pure Oil Co., 259 App. Div. 910, affd. 284 N. Y. 293; Witkin v. City of New York, 3 A D 2d 720; 8 Carmody-Wait, New York Practice 2d, § 58.8 [Compromise Verdict].)
The evidence of the cost of repair of the plaintiff’s automobile, although uncontradicted, was not conclusive upon the jury; they were at liberty to find for a lesser amount than estimated cost of repair. It may not be presumed that this verdict represents a ‘[1] compromise verdict ’ ’ as that term is used in the law, and hence the second ground urged by the appellant provides no legal basis for. a reversal of this judgment.
*960 In respect to the first ground urged for a reversal of the judgment, i.e., the failure or refusal of the Justice to charge the jury, the appellant points out that the action was commenced and tried subsequent to the enactment and the effective date of the Uniform Justice Court Act, September 1, 1967. (UJCA, § 101.) Consequently, it is contended that cases construing the Justice Court Act (L. 1920, ch. 937) are inapplicable.
The Justice’s return clearly indicates in paragraph 10 that ‘‘ the Court elected not to charge the jury except to charge that they could decide the law and the facts of this case in view of the fact that this is a court not of record and that ¡such a procedure is admissible ”. In trials held in Justice Court when procedure was governed by the Justice Court Act, it was the common practice for a lay Justice not to charge the jury, and this did not constitute legal error, for the authorities held that while the Justice had the authority to charge the jury, he was not bound to instruct the jury. In other words, he might or might not charge the jury at his option (People ex rel. Van Sickle v. Eldredge, 3 Hun 541; Delancy v. Nagle, 16 Barb. 96; Trustees of Vil. of Penn Yan v. Thorne, 6 Hill 326; Chapman v. Fuller, 7 Barb. 70 ; Stroud v. Butler, 18 Barb. 327; Pettit v. Ide, 12 Abb. Prac. 44; Heath v. Kyles, 1 N. Y. S. 770; see, also, Morrison, A Guide for Justices of the Peace, Charge to Jury, p. 70). It was also held that, while the Justice might not be required to charge the jury, yet if he chose to do so, and committed an error therein, it was ground for reversal (Pettit v. Ide, supra; Trustees of Vil. of Pern. Yan v. Thorne, supra). The appellate court would, nevertheless, overlook errors in the trial, if the result was substantial justice (Justice Ct. Act, § 451).
However, in Leonard v. Beach Lbr. Co. (283 App. Div. 848) the Appellate Division, Fourth Department, in an action for damages in a negligence case held that the failure of the Justice to charge the jury on the provisions of the Vehicle and Traffic Law relating to the duties of a driver of a vehicle in making a turn at an intersection constituted reversible error.
The Uniform Justice Court Act (L. 1966, ch. 898) was designed to sweep away the myriad of detail contained in the former Justice Court Act, “ detail so massive that Judges and lawyers, including those closely connected with the Justice Courts, were largely unaware of even the existence of these provisions ” (Practice Commentary by David D. Siegel, McKinney’s Cons. Laws of N. Y, Book 29A Judiciary-Court Acts, pocket part 1970-71, p. 53). Henceforth, except as specifically provided in the Uniform Justice Court Act, the practice in the Justice Court was to be governed by the provisions of the CPLR.
*961 Section 2102 of the Uniform Justice Court Act provides: ‘ ‘ § 2102. Civil practice; general provisions; CPLR applicable. The CPLR and other provisions of law relating to practice and procedure in the supreme court, -notwithstanding reference by name or classification therein to any other court, shall apply in this court as far as the same can be made applicable and are not in conflict with this act.”
The practice commentary by David D. Siegel immediately prefacing the Uniform Justice Court Act as published in McKinney’s Consolidated Laws of New York (Book 29A, Judiciary — Court Acts, Part 2, pocket part 1970-71) states that in drafting the new statute a list of those CPLR provisions which were found to be in point and by whose own terms were found to be susceptible of being applied in the lower court without linguistic adjustment was compiled and a determination was made as to whether or not it was desirable to have it applied in the lower courts without variation. The commentator goes on to say (p. 56) that, “if it was, the procedure followed was to say absolutely nothing about the matter in the uniform act, thereby enabling the CPLR to govern by its own terms. Most of the items fell into this category, and so, as to most of the CPLR it is directly applicable in the lower courts because nothing to the contrary will be found in the uniform court act.” Where the provisions of the CPLR are not intended to apply, the Uniform Justice Court Act so states. For example, a summons may be served in the manner prescribed in Supreme Court practice, but it shall be made only within the county (Uniform Justice Ct. Act, § 403) and section 209 of the act relating to provisional remedies provides that no provisional remedy shall issue out of the court other than a requisition to seize a chattel. Thus, it is abundantly clear that the provisions of the CPLR, except where specifically proscribed by the act and where not in conflict therewith, are applicable to the practice and procedure in the Justice Court.
Moreover, CPLR 101 itself states in relevant part as follows: “ The civil practice law and rules shall govern the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute.”
The plain words of the statute make the CPLR applicable to ‘[1] all courts of the state and before all judges ’ ’. This all inclusive language would include courts not of record as well as those of record. So far as the applicability of the CPLR is concerned, there is no longer any significance in the fact that the court is one of record or not of record. The practice commentary by *962 David D. Siegel which immediately prefaces the Uniform Justice Court Act (McKinney’s Cons. Laws of N. Y., Book 29A, Part 2, Judiciary — Court Acts, pocket part 1970-71, p. 55) ■states: “ If there was any excuse for this [a barrage of detail and idle duplication] in the fact that the old Civil Practice Act (which was replaced by the CPLR) governed only in courts of record, the excuse is dissolved by the CPLR. The CPLR applies in all courts of civil jurisdiction in the state, whether of record or not of record. CPLR 101. We should also note, especially in regard to civil jurisdiction and practice, the meaninglessness of the £ of record ’ distinction today. It is wholly arbitrary. Whether or not a civil court is of record depends on nothing more than whether the legislature, in its absolute discretion, has chosen to add the court to the list contained in the Judiciary Law § 2, which it can do by amendment at any time.”
Since there is no longer any significance in the omission of the Justice Court of this State from the list of courts of record declared to be such by section 2 of the Judiciary Law, I find that the attempt of the Justice of the Peace to justify his election not to charge the jury by reference to “ the fact that this is not a Court of record and that such a procedure is admissible ’ ’ (par. 10 of the Justice’s return) no longer tenable.
Article 13 of the Uniform Justice Court Act entitled £ ‘ Trial ’ ’ is silent with respect to the Justice’s duty to charge the jury. Since the uniform act makes no provision therefore and contains nothing in conflict with the CPLR in this point, it must be assumed that the practice is to be governed by the provisions of the CPLR.
CPLR 4111 (subd. [c]) provides in pertinent part as follows: ££ The court shall give sufficient instruction to enable the jury to render a general verdict and to answer the interrogatories.” Instructing the jury merely ‘ ‘ that their verdict must be at least a 5-6 majority ” (par. 10, Justice’s return) is hardly a ££ sufficient instruction to enable the jury to render a general verdict ”. Under the modern practice provided for by the Uniform Justice Court Act as implemented by the CPLR, the Justice committed reversible error when he elected not to charge the jury, except to advise them that theirs would have to be by at least a 5-6 majority. The Justice must deliver a “ sufficient instruction to enable the jury to render a general verdict ’ ’ and such meagre instruction as was given here is wholly insufficient for that purpose.
Unfortunately for the appellant, however, the point does not appear to have been properly preserved for review, for the Justice’s return on appeal does not indicate that any objec *963 tion was made to the Justice’s failure or refusal to charge as requested. Since the court holds that CPLR 4111 is applicable to a trial in Justice Court, it must also apply the provisions of CPLR 4017 and 5501. CPLR 4017 provides: ££ § 4017. Objections. Formal exceptions to rulings of the court are unnecessary. At the time a ruling or order of the court is requested or made a party shall make known the action he requests the court to take or, if he has not already indicated it, his objection to the action of the court. At any time before the jury retires to consider its verdict, a party shall make known his objection to a charge to the jury or a failure or refusal to charge as requested. Failure to so make known objections may restrict review upon appeal in accordance with paragraphs three and four of subdivision (a) of section 5501.
CPLR 5501 (subd. [a]) provides in pertinent part as follows: ‘£ ■§ 5501. Scope of review.
“ (a) G-enerally, from final judgment an appeal from a final judgment brings up for review: # * *
“ (3) any ruling to which the appellant objected or had no opportunity to object or which was a refusal or failure to act as requested by the appellant, and any charge to the jury, or failure or refusal to charge as requested by the appellant, to which he objected ”.
££ Unless an exception is taken to a charge, ordinarily a party cannot subsequently by motion for new trial or on appeal be heard to complain of error therein”. (Carmody-Wait, New York Practice 2d, § 57:16; Greenberg v. Schlanger, 229 N. Y. 120; Chapman v. Thirty-ninth St. Realty Corp., 26 A D 2d 806).
In his memorandum of law appellant’s counsel asserts that at the trial he offered to furnish the Justice a copy of volume 1 of New York Pattern Jury Instructions- — ■ Civil, Committee on Pattern Jury Instructions Association of Supreme Court Justices, 1965; at which time he also requested the court to charge the jury concerning section 1143 of the Vehicle and Traffic Law dealing with vehicles entering a highway from a private road or driveway, standard of care required of drivers, and doctrine of contributory negligence. In addition counsel claims that he reviewed with the court each of the specific requests. However, counsel for the defendant asserts that he was advised by the Justice that the court would not charge the jury and that no requests for charge, would be entertained, to which position counsel for the defendant took exception.
All of this may very well be so, -but, unfortunately, the Justice’s return, while it clearly indicates in paragraph 10 that he elected not to charge the jury other than indicating that a five- *964 sixths majority was necessary for a verdict, also does not indicate that any objection was made or exception taken to the fact that he did not charge the jury generally or charge counsel’s specific requests. The court may not discredit the Justice’s return as filed in favor of a statement of alleged errors contained in the appellant’s memorandum of law (People v. Mason, 307 N. Y. 570). In Mason the question was whether the County Court had erred as a matter of law in discrediting the Magistrate’s return as to proceedings had on arraignment. The Court of Appeals wrote (p. 574): “ The respective Magistrates filed returns in each appeal definitely meeting and controverting the allegations of error assigned in the affidavits. Nonetheless, the County Court chose to credit the allegations of the affidavits and accepted them as a basis for the reversal. In so doing, it erred as a matter of law. In dealing with these appeals the County Court was not faced with a problem of credibility, but with a consideration of such legal errors as appeared in the returns (Code Crim. Pro., §§ 756, 763). It was without power to discredit the returns as filed. When the appellant submitted his appeal without having previously pointed out wherein the return — as filed — -was defective, he must be deemed to have admitted its sufficiency and correctness (Code Crim. Pro., §§ 757-758). Here, no such application having been made, the Magistrate’s return as filed in each instance was conclusive as to all controverted matters within the Magistrate’s knowledge, not only on the County Court but on the defendant and People as well.”
Although the Mason case (supra) involved an appeal from a conviction in a criminal case, the authorities in the lower courts all hold that the same rule is applicable in an appeal from a civil judgment pursuant to article 19 of the former Justice Court Act, namely, that the Justice’s return is conclusive as to what occurred on the trial and that, nothing may be added to' or taken from the statements contained therein (Marsh v. Peckham, 245 App. Div. 14; Ross v. King, 37 N. Y. S. 2d 243; United Hosp. v. Chambers, 42 N. Y. S. 2d 43; Lefebvre v. Poirier, 57 N. Y. S. 2d 629; Clark v. Harder, 22 N. Y. S. 2d 395; Graves v. Jones, 150 Misc. 688; Young v. Conklin, 3 Misc. 122; Thompson v. Sheridan, 80 Hun 33; Black v. Levy, 154 Misc. 2d 904; Dombek v. Carlson, 162 N. Y. S. 1106; Barber v. Stettheimer, 13 Hun 198). “ If the return is defective, the appellate court may direct the justice to make a further or amended return as often as is necessary ” (Justice Ct. Act, § 440). “In support of such an application affidavits may be used to point out alleged defects in the return. [Citing cases.] It is to be noted, however, that the rule forbids the use of affidavits or evidence to *965 contradict the contents of a return except in support of an application for an order requiring a justice to make a further or amended return.” (Marsh v. Peckham, supra, p. 15).
It is acknowledged that all of the foregoing cases were decided at a time when the practice on appeal from Justice Court was governed by statutes since repealed — in the case of the criminal appeal by sections 749 to 769 of the Code of Criminal Procedure and in the case of a civil appeal by sections 426 to 459 of the former Justice Court Act. The difference in appellate practice under the former Justice Court Act and the Uniform Justice Court Act does not, however, as will be shown, justify a difference in result.
The practice followed on the appeal by the Town Justice appears to have been that prescribed by article 19 of the former Justice Court Act, rather than that prescribed by article 17 of the Uniform Justice Court Act, although at the time of the appeal the uniform act had become effective. Had the latter practice been followed by the Justice and by counsel, particularly that prescribed by section 1704 of the uniform act relating to settlement of the case and return on appeal[2] perhaps the problem presented by the failure of the Justice’s return to reflect the taking of any objection by the defendant to the Justice’s refusal to charge the jury might have been obviated. From the record on appeal it does not appear, however, that the appellant whose duty it was to procure the case to be settled (Uniform Justice Ct. Act, § 1704) took any steps to have the case settled before the Town Justice so as to have the case as settled reflect the appellant’s taking of an objection to the Justice’s failure to charge the jury. There is no difference in principle between this 'Situation and that presented in People v. Mason (307 N. Y. 570, supra) and other authorities cited where the appellant through appropriate action (Code Crim. Pro., §§ 757, 758 or Justice Ct. Act, § 440) could have remedied the defect in the return but failed to do so.
Consequently, the appellant, not having taken any steps to have the Justice’s return settled so as to reflect what he claims to have been the true state of the record on the trial, must be deemed to have admitted its sufficiency and correctness. No such steps having been taken, the Justice’s return is conclusive *966 on the court, the appellant, and the respondent (People v. Mason, supra, p. 574).
Since it does not appear from the Justice’s return that an objection was- taken to the Justice’s failure to charge the jury generally or the denial of any specific requests to charge, the point has not been preserved for review upon appeal (CPLR 4017, 5501, subd. [a]).
The judgment of the Justice Court is affirmed.

. In Friend v. Morris B. Fishman, Inc. the jury was instructed by the court that if they found liability they were to return a verdict in an amount set by the court, which instruction the jury disregarded. In Cohen v. City Canal Corp., there was no hypothesis of evidence which could possibly support the lower verdict whiph the jury returned.

. Compare with the practice under section 440 of the former Justice Court Act which provided that “if the return is defective, the appellate court may direct the justice to make a further or amended return as often as is necessary ”. All the authorities held that if this procedure was not availed of, the Justice’s return as filed was conclusive as to what occurred on the trial. (See cases cited in opinion.)