(21 App. Div. 285.)

### MITCHELL v. WATKINS.

(Supreme Court, Appellate Division, Fourth Department. October 15, 1897.)

1. APPEAL FROM JUSTICE'S COURT—SERVICE OF NOTICE ON JUSTICE.
   On appeal to the county court from the judgment of a justice of the peace, a notice of appeal, together with the costs included in the judgment, and the fees for making a return, were sent to the justice by registered letter, and delivered to him personally; he retaining the same, and causing a return to be filed with the county clerk. *Held* a sufficient compliance with Code, § 3047, requiring notice of appeal to be delivered to the justice personally, or to his clerk.

2. SAME—SERVICE ON CLERK OF APPELLATE COURT.
   Mailing a notice of such appeal to the clerk of the county court, who retains the same, and delivers to appellant an acknowledgment thereof, is sufficient service on the clerk.

Appeal from Cattaraugus county court.

Action by John G. Mitchell against Lynn D. Watkins, commenced before a justice of the peace. Plaintiff had judgment, and defendant appealed to the county court. From an order granting a motion to dismiss the appeal, defendant appeals. Reversed.

May 27, 1895, an action was commenced by the plaintiff against the defendant, before a justice of the peace of Cattaraugus county. Issue was joined thereafter, and a trial was had, and a verdict was rendered for the plaintiff, and judgment entered by the justice in favor of the plaintiff, June 25, 1895. The plaintiff and A. C. McCall, who appeared for him at the trial before the justice, were not residents of Cattaraugus county. On July 13, 1895, a notice of appeal was delivered to the clerk of Cattaraugus county, having been sent to him by mail on July 12th. On that day, the appellant's attorney sent, by registered letter, to the plaintiff, at his residence, a notice of appeal, which was received by the plaintiff July 13th, personally. He retained the notice, and gave a receipt for the letter containing the same. On July 12th the appellant's attorney sent a notice of appeal, with the costs included in the judgment, and two dollars for making the return, in a registered letter, to the justice before whom the cause was tried, which were received by the justice the same day; and the justice returned a receipt to the appellant's attorney for the same. July 31st the justice filed a return. Notice of this motion was given September 11, 1895.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

B. F. Congdon, for appellant.

A. C. McCall, for respondent.

HARDIN, P. J. 1. Code, § 3047, seems to require that the notice of appeal shall be delivered personally to the justice, or personally to his clerk. Upon the facts disclosed in this case, it appears that the notice of appeal was delivered within the statutory time to the justice of the peace personally. Although the delivery was made by the hand of a party who was in the service of the United States government, acting in behalf of the mail service, the fact remains that the notice of appeal was actually delivered into the presence, custody, and keeping of the justice of the peace, and that he received the same, retained it, and at the same time he received the fees required to be paid for making his return, and also the costs included in the judgment. He thereafter mailed his return, which was filed with the county clerk. The appellant caused the notice of appeal to be delivered personally to the justice. Such delivery seems to be a literal compliance with the intent and purpose of the statute, and we think should be held to be a sufficient fulfillment of the requirements of the statute. Rogers v. Rockwood, 59 Hun, 628, mem., fully reported in 13 N. Y. Supp. 939; Farmer v. Life Ass'n, 67 Hun, 119, 21 N. Y. Supp. 1056.

2. The notice of appeal, pursuant to the act of the appellant, personally reached the clerk in time, and the clerk executed and delivered to the appellant an acknowledgment of the notice of appeal, and retained the same. We think the county court obtained jurisdiction of the appeal, and that the motion made to dismiss it should have been denied.

Order reversed, with $10 costs and disbursements, and motion denied, without costs. All concur.