killing the plaintiff's intestate. Here the machine was not one of the mechanical appliances contemplated by section 18 of the Labor Law, for it was not used in "the erection, repairing, altering or painting of a house, building or structure," but was a machine long in use and was not shown to have been in a dangerous condition by any evidence which could be reasonably expected to convince men who were intent only upon producing simple justice under the law.

The most favorable view to the plaintiff is that there were two possible theories upon which the accident could be accounted for, the one presented by the defendant being immeasurably more probable than that presented by the plaintiff, while in the Stevens v. Stanton Construction Co. Case there was only one possible result which could follow the breaking or slipping of the fastening of the guy.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event. All concur, except SMITH, P. J., who concurs in memorandum and votes for a dismissal of the complaint.

The findings that the accident was caused by the negligence of the defendant and that plaintiff's intestate was free from contributory negligence are disapproved of.

SMITH, P. J. (concurring). I concur with the opinion of Mr. Justice WOODWARD, and would only add to that the suggestion that the exhibits themselves are convincing proof to me that the cause of the accident was the failure of the intestate to hold the cutter far enough on to the iron that was being cut to prevent its being thrown back toward him when struck by the hammer. The cutter was apparently forced down into the near side of the iron, which would not have been possible had it been properly held squarely upon the iron. The accident would therefore seem to have been caused solely by the negligence of the plaintiff's intestate, and for that reason I advise that the judgment be reversed, and the complaint dismissed, and the finding by the court of such fact and a disapproval of the findings of fact that the accident was caused by the negligence of the defendant and that plaintiff's intestate was free from contributory negligence.

(163 App. Div. 153)

WALKER v. LEHIGH VALLEY R. CO.     (No. 113–5.)

(Supreme Court, Appellate Division, Third Department. July 1, 1914.)

1. JUSTICES OF THE PEACE (§ 160*)—APPEAL—NOTICE OF APPEAL—SERVICE.

Code Civ. Proc. § 3046, authorizes an appeal from a justice by serving upon him and the respondent a notice of appeal. Section 3047 provides that service upon the justice must be by delivering it to him personally or to his clerk. Section 3048 provides that service upon the respondent may be by delivering it to him personally or by leaving it at his residence with a person of suitable age and discretion. Hence the depositing in the post office of notices in postpaid envelopes, properly addressed to the justice and respondent, respectively, was not sufficient service upon either, though the notice to the justice was delivered to his office.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 579–591, 658; Dec. Dig. § 160.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. JUSTICES OF THE PEACE (§ 160*)—APPEALS—NOTICE OF APPEAL.

Code Civ. Proc. § 3049, providing that where, upon appeal from a justice, the appellant has "seasonably and in good faith" served notice of appeal upon either the justice or respondent, the appellate court may in its discretion allow an omission to serve notice upon the other or do any other act necessary to perfect the appeal, caused by mistake, inadvertence, or excusable neglect, to be supplied, only permits such a correction where notice has been legally served upon either the justice or respondent; and there could be no relief where the notices were inadvertently sent to both by ordinary mail, instead of being served personally, as required by sections 3047, 3048, though the court should have granted relief, if such service had been legal as to either.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 579–591, 658; Dec. Dig. § 160.*]

3. JUSTICES OF THE PEACE (§ 160*)—APPEAL—NOTICE OF APPEAL.

The receipt and retention by a justice of a notice of appeal sent by ordinary mail did not constitute a waiver of the requirement of Code Civ. Proc. § 3047, of personal service, as the justice could not waive a statutory requirement, so as to bind the respondent.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 579–591, 658; Dec. Dig. § 160.*]

Appeal from Schuyler County Court.

Action by Jesse Walker against the Lehigh Valley Railroad Company. From an order dismissing its appeal from a judgment rendered against it in justice's court, defendant appeals. Affirmed.

Argued before SMITH, P. J., and LYON, HOWARD, and WOODWARD, JJ.

Cobb, Cobb, McAllister & Feinberg, of Ithaca, for appellant.

George M. Velie, of Watkins, for respondent.

LYON, J. [1, 2] Judgment was rendered herein in a court of a justice of the peace in the county of Schuyler against the appellant July 11, 1913, for $137.50 damages and $30 costs; the appellant appearing upon the trial and cross-examining the respondent's witnesses, but offering no evidence in its defense. July 28th appellant's attorneys, who resided in the county of Tompkins, mailed to the justice, who resided in the county of Schuyler, a notice of appeal, in which a new trial was demanded, an undertaking, and a check for $32 in payment of the costs and the fee of the justice for making the return. July 29th appellant's attorneys mailed to the respondent, who also resided in the county of Schuyler, a copy of the notice of appeal and of the undertaking. In each case the papers were inclosed in a postpaid sealed envelope. Those mailed to the justice were received at his office July 28th or 29th, and on August 8th he filed his return, and the notice of appeal and the undertaking approved by him, in the office of the clerk of the county of Schuyler. The justice and the respondent each state that no notice of appeal was served personally upon him, and concededly no attempt was made to make service otherwise than by the ordinary course of mail. The respondent alleges that the copy of the notice of appeal and of the undertaking were never left at his residence, and that no notice of appeal was ever served upon him. Appellant's attorneys state that the envelope containing the

copy notice of appeal and of the undertaking was addressed to the respondent at his post office address as stated to them by respondent's attorney, and that, although it bore the business card of appellant's attorneys, it has never been returned to them. They also state that the service was inadvertently made by mail.

In October, 1913, the respondent appeared specially in the action and applied at a term of the Schuyler County Court for an order dismissing the attempted appeal. Appellant's attorneys thereupon applied for an order allowing appellant to perfect its appeal by making personal service upon the respondent or his attorneys of the notice of appeal and undertaking. The County Court granted as matter of right and not as of discretion an order for a dismissal of the appeal, and it is from such order that this appeal has been taken. There is thus presented the single question whether depositing in the post office at the place of residence of appellant's attorneys, inclosed in postpaid envelopes properly addressed to the respondent and the justice, respectively, a notice of appeal, or a copy thereof, constituted in either case proper service thereof; for, if it did, the County Court ought under the circumstances to have relieved the respondent from the dilemma resulting from its inadvertence, which the County Court in a proper case had in its discretion the right to do, pursuant to the provisions of section 3049 of the Code of Civil Procedure, providing that:

"Where the appellant seasonably and in good faith serves the notice of appeal upon either the justice or the respondent, but omits through mistake, inadvertence, or excusable neglect to serve it upon the other, or to do any other act necessary to perfect the appeal, the appellate court, upon proof by affidavit of the facts, may in its discretion permit the omission to be supplied, * * * upon such terms as justice requires."

The provisions of the Code of Civil Procedure in force in July, 1913, relating to an appeal from a judgment of a justice of the peace, were as follows:

Section 3046: "An appeal is taken by serving upon the justice by whom the judgment was rendered, and upon the respondent, a written notice of appeal."

Section 3047: "Service of the notice of appeal upon the justice must be made by delivering it to him personally, or to his clerk, appointed pursuant to law."

Section 3048: "Service of the notice of appeal upon the respondent may be made by delivering it * * * to the respondent personally * * * or by leaving it at his residence, with a person of suitable age and discretion."

Thus it appears that proper service of the notice of appeal was not made upon either the justice or respondent, and as the right was given the County Court to relieve the appellant only in a case where the notice of appeal had been legally served upon either the justice or the respondent, the right to permit the omission to serve the notice of appeal to be supplied did not exist, and the decision of the learned county judge was correct and should be affirmed. So far as appears the justice and the respondent were at all times during the 20 days following the entry of the judgment at their respective places of residence in the county of Schuyler, and might have been served personally with the notice of appeal.

Appellant contends, however, that all that was necessary to be done for the purpose of perfecting an appeal, so far as service upon the justice was concerned, was receiving into his possession the notice of appeal, the undertaking, the moneys necessary for the payment of the costs, and of the fee of the justice for making the return; and the appellant cites the case of Mitchell v. Watkins, 21 App. Div. 285, 47 N. Y. Supp. 339, as supporting his contention. In that case, the respondent being a nonresident of the county, service of the notice of appeal was made upon the clerk of the appellate court, and a notice of appeal was also mailed to the respondent, and to the justice, in each case by registered letter, which was received within the 20 days allowed for taking an appeal, and a receipt therefor given by each addressee, which was returned to appellant's attorneys; and the court held that the notice of appeal was delivered within the statutory time to the justice of the peace personally, "although the delivery was made by the hand of a party who was in the service of the United States government, acting in behalf of the mail service." In the case of registered mail, as is a matter of common knowledge, the government, for an additional compensation made by the sender, delegates its employé to deliver the mail to the addressee, which in fact in the case cited such employé did personally.

In the case at bar, however, the notice of appeal was not, so far as the record discloses, received by the respondent; and as to the justice, the notice of appeal was not delivered to him personally, but was left at his office, whether by a mail carrier, or by a member of the family of the justice, or by some other person, does not appear. The decision of the case at bar is of farther reaching importance than as simply relating to the sufficiency of the service of a notice of appeal in a justice court action. To hold that such service complied with the legal requirement that service should be made personally would be to abolish all distinction between service by ordinary mail and service personally, and would be applicable to service of many legal papers other than a notice of appeal.

[3] I do not think that the receipt and retention by the justice of the notice of appeal constituted as to the respondent a waiver of the statutory requirement for personal service of the notice of appeal upon the justice. While it has been held that the justice might waive the payment of the fee for making the return, as being a matter wholly personal to himself, he could not waive for the respondent a statutory requirement which was a vital requisite to the taking of an appeal.

Such is in effect the holding in Thomas v. Thomas, 18 Hun, 481; in which timely service of the notice of appeal was made, but the defendant neglected to pay the costs and the fee for the return during the time within which the appeal might be taken, and the court held that, as the costs belonged to the respondent, the justice could not by any act of his waive or cut off the respondent's right to their payment as a condition to a valid appeal.

The order appealed from should be affirmed. All concur.