JAMES ELLIAS, Plaintiff, *v.* THE THOMAS FURNITURE WORKS, INC., Defendant.

County Court, Chautauqua County, September 29, 1925.

Judgments — motion to set aside County Court judgment entered on transcript of Municipal Court judgment — officer of defendant assigned claim against defendant to plaintiff — plaintiff sued thereon — service was made on same officer who did not report to his superiors — judgment was taken by default and after twenty days elapsed transcript was filed in county clerk's office — motion to set aside judgment denied — Justice Court Act, § 426, limits power of County Court to review judgment — equity may afford relief.

A judgment of the County Court based on a transcript of a judgment of the Municipal Court of the City of Dunkirk, which was filed in the county clerk's office after the statutory limit of twenty days to appeal had expired, cannot be set aside on motion on the ground that the judgment was based on a claim against the defendant originally held by an officer thereof, and that he assigned the same to the plaintiff who sued thereon by serving the summons on said officer, who did not report the same to his superior officers but permitted judgment by default to be taken.

The jurisdiction of the County Court to review such a judgment is limited by section 426 of the Justice Court Act, to an appeal within twenty days.

The defendant may possibly secure relief in equity in an action brought for that purpose, but cannot have such relief on motion to set aside the judgment.

MOTION to set aside as null and void a certain judgment rendered in Municipal Court of Dunkirk in favor of the plaintiff and against the defendant, and subsequently made a judgment of this court by transcript filed in the county clerk's office.

*John Leo Sullivan,* for the plaintiff.

*Joseph C. White,* for the defendant.

OTTAWAY, J.:

The defendant asserts that this judgment is founded upon a claim originally owned by one Peter Marcus, who was secretary of the defendant corporation; that this claim was assigned by Peter Marcus to the plaintiff; that action was regularly brought thereon in the Municipal Court of the City of Dunkirk, and service of the papers was made on the said Peter Marcus, secretary; that the said Marcus did not report the fact of the commencement of this action to any other officer of the company, and permitted a default to be taken; that after the statutory limit of twenty days to appeal had expired, transcript was filed in the county clerk's office, and execution issued in County Court, which was the first notice that the president or other officers of the defendant had of the commencement of this action.

The plaintiff asserts that the fact of the commencement of this action was regularly reported to the president of the defendant. In a further affidavit filed, the president of the defendant denies this assertion.

Although the question raised is one which should probably not be tried and determined on affidavits, nevertheless the plaintiff presents a situation which would strongly move this court to grant him the relief requested, if this court had power to entertain the motion. However, the power of this court to review a judgment rendered by a justice of the peace (review of a judgment rendered in this Municipal Court is specifically made similar to review of a Justice Court judgment) is limited by section 426 of the Justice Court Act, which provides: " The only mode of reviewing a judgment rendered by a justice of the peace * * * is by an appeal, as prescribed in this act." Such an appeal must be within twenty days after the entry of the judgment. (Justice Court Act, § 428.)

An examination of the various cases cited by defendant discloses that the cases there cited are not cases where the judgment was actually rendered in a lower court, but are cases of opening defaults and setting aside judgments rendered in the court where the motion was made. By filing a transcript in the county clerk's office, a judgment creditor makes that judgment one of County Court for purposes of collection and enforcement only.

Undoubtedly a court of equity in an action (not a motion) brought for the purpose of securing equitable relief has power to adjudicate the rights here claimed by the moving party. Such a power is suggested in the dissenting opinion in the case of *Reid* v. *Defendorf* (87 Hun, 40), but we see no jurisdiction in this court to entertain such motion as that made by the defendant.

Terms of order in accordance with this opinion may be settled on notice.