PARK SLOPE AMUSEMENT CORPORATION, Plaintiff, *v.* HENRY SCHULTHEIS and Others, Defendants.

Supreme Court, Kings County, June 30, 1926.

**Vendor and purchaser — specific performance — vendor's title was perfected after final hearing in anticipation of adverse decision — on reopening of case, plaintiff will not be compelled to take title so perfected.**

In proceedings to compel the vendor specifically to perform a land contract, it appears that while the plaintiff expressed a willingness to take title to the property if defendant would clear up the title, the defendant did not acquire a marketable title until after the final hearing, and then only in anticipation of an adverse decision by the court and not because of the plaintiff's expressed willingness to take title if it were made marketable. Therefore, on the reopening of the case on motion by the defendant, the plaintiff will not be compelled to take the property, although at the time of the reopening the defendant had a good and marketable title thereto. The plaintiff was not estopped from assuming that position, because the act of the defendant in perfecting his title was not induced by the willingness of the plaintiff to accept title, but by the certainty of an adverse decision from the court.

ACTION for specific performance or for recovery of deposit made under the contract and expenditures.

*David Bernstein,* for the plaintiff.

*James S. Brown, Jr.* [*Frederick W. Sparks* of counsel], for the defendant Henry Schultheis, Sr., and others.

*Edward Cassin,* for the defendant Ottilie Breuer, as executrix, etc.

*Richards, Smyth & Conway,* for the defendant Lottie Feldman.

CARSWELL, J. The deed of the deceased (Charlotte Schultheis) to Schultheis, Sr., was never delivered. Upon the final day of the original hearing herein, the court intimated that it would hold that no delivery of the deed had been made to Schultheis, Sr., unless defendants were able to show some authority which went further than any that had been called to the court's attention. A few days after Schultheis, Sr., learned that a decision adverse to him was likely, he made terms with his children on some basis unknown to the court, and got them to deed their interests in the parcel involved to him. The various defendants then moved to reopen the case, for the purpose of showing that Schultheis, Sr.,

had acquired and was able to give title to the property which the plaintiff sought.

The plaintiff up to the final day of the original hearing had been informally indicating a willingness to take the property, and urged the various defendants to get together and vest title in Schultheis Sr., by new deeds. Plaintiff opposed the reopening of the case, on the ground that conditions had changed and that it no longer wanted the parcel. The court reopened the case and took testimony as to whether the defendant Schultheis, Sr., could now give title, and also received testimony as to whether the plaintiff's position had changed, so as to make it inequitable to require it to take the property. The testimony established that the shifting from one group of parcels, which included the Schultheis house, to another group of parcels, which did not include it, had taken place within a short time after the deed from Schultheis, Sr., to plaintiff had been rejected. It, therefore, appeared that no shift of position had occurred that would make it inequitable to require the plaintiff to take the property, founded upon the change in assembling a new plot in lieu of the plot that contained the Schultheis parcel, because plaintiff's attorney had been informally offering to take the parcel subsequent to the assembling of the new plot right down to within a day or two of the final day of the original hearing. If this was all that there was to the equities on this phase of the matter, the court would hold that plaintiff might be required to take the parcel. But it does not appear that the defendant Schultheis, Sr., made terms with his children on account of the urgings of the plaintiff's attorney (which continued up to within a few days of the final day of the original hearing). An estoppel might arise against the plaintiff, if this were the fact. But the fact is that defendant Schultheis, Sr., made terms with his children subsequent to the final day of the original hearing, because of what the court had said as to the likelihood of holding against him on the question of the delivery of the deed. This was the thing that caused Schultheis, Sr., to shift his position, and may not be utilized as the basis of an estoppel against the plaintiff and in favor of the defendant Schultheis, Sr. The plaintiff had a right to change its attitude as to desiring the parcel herein as a speculation, after defendant Schultheis had rested his case and the court had indicated that no damages would be assessed in plaintiff's favor. A different situation would exist if Schultheis, Sr., were not the one at fault on the original closing day. The plaintiff has never been at fault, and equity should not burden it with the changed situation, which changed situation arises out of the reaction of Schultheis, Sr., to the court's intimation as to its holding.

This view does not disregard the fact that equity will administer relief as the exigencies of the case required at the close of the trial. (*Spears* v. *Mayor, etc., of N. Y.,* 87 N. Y. 359, 376; *Dammert* v. *Osborn,* 140 id. 30, 43; *Sanders* v. *Soutter,* 126 id. 193, 201.) But it recognizes and gives force to the fact that it was the defendant Schultheis, Sr., and not the plaintiff, who was at fault in the first instance, and recognizes that the rule just stated is subject to the qualification that there must be sufficient foundation for the action when it was commenced. (*Sherman* v. *Foster,* 158 N. Y. 587; *City of Glens Falls* v. *Standard Oil Co.,* 127 Misc. 104.) In this instance the defendant Schultheis, Sr., on the day originally set for the closing of title did not have a title of the character he is now tendering.

At the time of the commencement of this suit and service of the answer, the rights he now seeks, because of his new deeds, to enforce under his counterclaim, did not exist. Equity is not astute to find grounds for granting the relief to a party previously in default. (*Page* v. *McDonnell,* 55 N. Y. 299; *Lawrence* v. *Miller,* 86 id. 131; *Higgins* v. *Eagleton,* 155 id. 466; *Simon* v. *Kaliske,* 6 Abb. Pr. [N. S.] 224.) Under all the circumstances of the case, it would not be equitable to require plaintiff to take this property. It would not be equitable to permit the defendant, after the final day of the original hearing, to get a new trial, after he had received an intimation that the position he had been adhering to up to that time was unsound.

The plaintiff may have judgment for the amount paid under the contract, and title examination charges, etc., and interest. Submit findings on notice.