STEVE KEMACK, Respondent, *v.* RUTHERFORD COON, Appellant.

County Court, Chenango County, March, 1932.

*Frank W. Barnes*, for the appellant.

*Harry K. Angell*, for the respondent.

BROWN, J. The plaintiff moves to dismiss an appeal to the County Court from a judgment entered by a justice of the peace of the town of Lincklaen, N. Y., on the 18th day of November, 1930, on the ground that no notice of appeal was served pursuant to the provisions of section 428 of the Justice Court Act.

The issue joined in the action before the justice of the peace was heard by a jury on November 18, 1930, and following the rendering of a verdict in favor of the plaintiff against the defendant, judgment was docketed on the same day. The affidavits submitted by the plaintiff show, and it is not controverted, that no written notice of appeal was served on either the justice who entered the judgment, or the plaintiff or his attorney, within twenty days after the rendition of the judgment.

It appears that the jury hearing the action rendered a verdict at about eight-thirty o'clock in the evening on the 18th day of November, 1930, and that the justice immediately thereafter entered a judgment against the defendant. Some time during the week of December 1, 1930, the defendant appeared at the home of the justice and asked him to set aside the verdict of the jury. Upon his refusal to comply with such request, the defendant asked for a copy of the minutes, and requested the justice to file a return, promising to pay him the costs to which he would be entitled on

making a return. No notice of appeal was served on the justice. On or about the 15th day of December, 1930, the justice of the peace filed a return, the costs and the fee for making the return having been paid him on December 8, 1930. A written notice of appeal was served on the justice of the peace, personally, on December 26, 1930, or some eighteen days after the expiration of the time in which a notice of appeal was permitted to be served under the section of the Justice Court Act referred to above.

It further appears that the defendant was present in court when the jury rendered its verdict.

No written notice of appeal was ever served upon the plaintiff or his attorney.

The only way in which the defendant could perfect an appeal to the County Court, and the time within which such appeal must be taken, is clearly defined in section 428 of the Justice Court Act. The appeal *must* be taken within twenty days after the entry of the judgment in the justice's docket, except in a case where the defendant appeals from a judgment rendered in an action wherein he did not appear and the summons was not personally served upon him, which is not the present case. An appeal is taken by serving upon the justice by whom the judgment was rendered, and upon the respondent, a written notice of appeal subscribed either by the appellant or by his attorney in the appellate court. Unless these requirements are met, the County Court acquires no jurisdiction to hear the appeal, except in a case where the appellant, seasonably, and in good faith, serves the notice of appeal upon either the justice or the respondent, but omits, through mistake, inadvertence or inexcusable neglect, to serve it upon the other, or to do any other act necessary to perfect the appeal.

In the instant case, while a written notice of appeal was served on the justice, it was not served until eighteen days after the expiration of the time in which the notice could legally be served. Therefore, the appellant is not entitled to an amendment permitting service to be made upon the defendant under section 433 of the Justice Court Act.

The failure of the appellant to serve a written notice of appeal on the justice of the peace and on the defendant, within the twenty days following the rendering of the judgment, is a fatal defect, and this court is without jurisdiction to entertain the appeal and determine the same. The courts have demanded a strict adherence to the requirements of section 428 of the Justice Court Act in the matter of appeals. In order to confer jurisdiction, notice must be served within the twenty-day period. (*Bennett* v. *Cole*, 173 App. Div. 521.)

The service of notice after the expiration of the twenty-day

period is insufficient to confer jurisdiction on the County Court. (*Thomas* v. *Thomas*, 18 Hun, 481; *People* v. *Eldridge*, 7 How. 108; *Young* v. *Whitcomb*, 46 Barb. 615.) The making and filing of a return by the justice, in the absence of the proper service of the notice of appeal, cannot confer jurisdiction. (*Thomas* v. *Thomas, supra.*) The County Court has no power to extend the time within which a party may appeal. (*Thomas* v. *Thomas, supra; Wait* v. *Van Allen,* 22 N. Y. 319.) A strict compliance with the statute is required before a party, desiring to have a judgment, rendered in a Justice Court, reviewed, is entitled to be heard in the appellate court. Service by mail has been held insufficient. (*Walker* v. *Lehigh Valley R. R. Co.,* 163 App. Div. 153.)

The way was open for the defendant to have the judgment rendered against him reviewed in County Court, had he only complied with the requirements of the provisions of the law pertaining to appeals from judgments rendered in Justice Court. He failed to observe those requirements, and this court is without power, under all the circumstances as shown in this case, to aid him in having the judgment reviewed.

Motion to dismiss the appeal is granted.