Johh J. Walsh, J.
This is a motion to dismiss an appeal in a civil action on the ground that the notice of appeal was not filed within 20 days (Justice Court Act, § 428).
*886 There is no dispute about the fact that the notice of appeal was not filed within the 20 days allowed by statute.
The courts have demanded a strict adherence to the requirements of section 428 of the Justice Court Act. (Bennett v. Cole, 173 App. Div. 521; Ganges Bros., Inc., v. Specht, 241 App. Div. 737; Ellias v. Thomas Furniture Works, 125 Misc. 683; Kemack v. Coon, 143 Misc. 25; Bieser v. Weiner, 144 Misc. 94; Van Orsdale v. Genesee Val. Garage, 150 Misc. 655; Szoth v. Green, 155 Misc. 210 [Oneida County Ct., Hanagan, J.].)
The defendant-appellant claims that the appeal was timely because the Justice advised defendant-appellant after the trial that he had 30 days in which to appeal. Even if this contention is true, neither the Justice below nor the appellate court has any power to extend the statutory time within which a party may perfect his appeal. (Clark v. Harder, 22 N. Y. S. 2d 395 [1940]; Thomas v. Thomas, 18 Hun 481; Wait v. Van Allen, 22 N. Y. 319.) The power to extend the time to appeal is limited to a deceased litigant (see Justice Court Act, § 429).
Defendant-appellant relies on Bagley v. Jennings (58 Hun 56, 59). In that case, the court said: “ The County Court has full power and jurisdiction to hear and determine appeals on their merits, and while neither the court or a party, without the consent of the other, can extend the time to appeal prescribed by statute, yet, where they stipulate an extension, they simply determine between themselves the time when the controversy should be submitted to the appellate court, and the statute in no way abridges the power of the parties to extend the time by stipulation.” (Italics supplied.)
Defendant-appellant claims that the attorney for plaintiff at the same time that the Justice informed him that he had 30 days in which to appeal, likewise informed the defendant-appellant that he had 30 days in which to appeal. Plaintiff’s attorney filed an affidavit in which he denied any such conversation. In this respect he also filed affidavits from William Bishopp, the plaintiff, Charlotte Bishopp and one James H. Simons who were present at the time of the trial which substantiated his denial.
Without resolving the conflict between the affidavits of the opposing parties, this court cannot view any such statement even if made as a stipulation extending the time to appeal. A stipulation, like any other agreement requires a ‘ ‘ meeting of the minds ”. No such situation can be deduced from the single statement alleged to have been made. 1
Motion to dismiss the appeal must be granted.