Marshall E. Livingston, J.
This is an article 78 proceeding by the petitioners, who are residents of the Town of East Bloomfield, Ontario County, New York, albeit one of them also lives in the incorporated Village of East Bloomfield. They seek to prohibit the Town Board of the Town of East Bloomfield from proceeding further in the consideration or granting of an application by Farash Construction Corporation for a planned unit development (PUD) in the town. The motion also asks that the tentative approval of the project given by the Town Board on August 9,1971 be set aside because on that date no valid town zoning ordinance amendment was in effect authorizing a PUD or tentative approval of same.
The respondents answer that (1) neither petitioner is an aggrieved person within the meaning of and as required by the Town Law (§ 267, subd. 7) and thus neither has standing to initiate this proceeding, (2) the “tentative approval” of the project granted by the Town Board on August 9, 1971 was not a final decision, and therefore, is not subject to judicial review at.this stage of the proceeding, and (3) the court has no authority in an article 78 proceeding to review the legislative acts of the Town Board or to declare the PUD zoning amendment null and void as it applies to the Farash application, which was tentatively approved as indicated above.
A chronological outline of the events which are the basis of the controversy is necessary. Prior to March, 1971, the Town Planning Board of East Bloomfield, the Ontario County Planning Board, and the Town Board of East Bloomfield, with assistance from engineers and consultants, considered an amendment to the town zoning ordinance so as to authorize PUD in certain districts.
*727 On March 8, 1971 the Town Board caused a notice to be prepared calling for a public hearing on March 22, 1971 to consider the proposed town zoning ordinance amendment, in accordance with section 264 of the Town Law. The notice was duly posted and published. It stated that the Town Planning Board and the Ontario County Planning Board recommended that a PUD be permitted in certain zoned districts.
The hearing was held on March 22, 1971, and at a regular meeting held April 12, 1971, the Town Board adopted the PUD zoning amendment as now contained in sections 100-116 of the town zoning ordinance. A true copy of the amendment as adopted is attached to the respondent Town Board’s answer.
On April 26, 1971 the Town Planning Board met in regular session. The Town Board was also present. John Christiano of Farash made a presentation of a proposed PUD, presumably authorized by the ordinance adopted on April 12, 1971. The plans of Farash for a PUD were approved and sent to the Town Board. A memo by the chairman of the Town Planning Board indicates in another’s handwriting that the plans were received by the Town Board on May 6, 1971.
On May 12, 1971 the Ontario County Planning Board held its regular monthly meeting in Canandaigua. Among other things, the Farash application was considered, and Mr. Christiano made a presentation to the board. The County Planning Board approved the project “ in concept ”, and the Town Board was so notified.
At this stage it should be noted that the zoning amendment adopted on April 12, 1971 provided in part as follows:
‘ ‘ SECTION 108-APPLICATION PROCEDURE POR TENTATIVE APPROVAL
“108.4 Within sixty (60) days after receipt of the recommendations, of the Town Planning Board, the Town Board shall hold one or more public hearings, as needed, public notice of which shall have been given in accordance to Section 264 of the Town Law to determine the advisability of the proposal. The Town Board shall, within forty-five (45) days following the conclusion of the hearings, either (a) grant tentative approval of the PUD as submitted, (b) grant tentative approval of the PUD subject to specified written conditions imposed by the Town Board, or (c) deny tentative approval of the Proposal.”
Therefore, in accordance with the requirement of the adopted zoning amendment, a notice of public hearing on the Farash application for tentative approval was published by the Town *728 Board. The notice, dated June 14, 1971, called for a hearing on June 28, 1971 (within 60 days of the receipt of the Town Planning Board’s approval). The public hearing was held, and a certified copy of the hearing is attached to the Town Board’s answer.
On August 9,1971 (within 45 days after the June 28th hearing and in conformance with section 108.4 of the adopted amendment) the Town Board tentatively approved the “Farash P.U.D. application with changes to original plot plan as suggested by the Town Engineer and Town Attorney and as recommended by the East Bloomfield Planning Board and the Ontario County Planning Board ”.
Within 30 days after the tentative approval, a timely article 78 proceeding was commenced by petitioners (CPLR 217).
The conceded facts relating to the effective date of the ordinance amending the East Bloomfield zoning law relating to PUD are that, for some reason, or through inadvertence, the amending ordinance was never published until September 14, 1971 and was not effective until September 24,1971 (Town Law, $$133, 264).
The invalidity of the ordinance prior to September 24, 1971 suggests itself, but this question should yield first to a determination of respondents’ defenses and answer to the petition.
The petitioners are said to have no standing as aggrieved persons. Anderson on Zoning Law and Practice in New York State (§ 22:02), cited by respondents, is not applicable because we are not here concerned with a decision of a zoning board of appeals. This is not a decision relating to a specific problem which affects a particular piece of property. The ordinance in question relates to a zoning amendment establishing a new classification within the town applicable to property within the town affecting the general public interest. A recent case in the Fourth Department well illustrates the point (see Albright v. Town of Manlius, 34 A D 2d 419). More than 100- residents of the Town of Manlius, Onondaga County, New York, challenged the establishment of a “ Regional Shopping District ’ ’ pursuant to an amendment to the town’s zoning ordinance. The court concluded (p. 426) that “ The Trial Justice properly ruled that respondents have status to present this objection ”.
Likewise, in Tuck v. Heckscher (65 Misc 2d 1059, 1060, affd. 37 A D 2d 558, affd. 29 N Y 2d 288), Special Term succinctly stated the rule to be applied in the case at bar: “ I find no merit to respondent’s argument that petitioners lack standing to institute this lawsuit. While the court does not intend to become *729 embroiled in the controversy concerning the cultural aspects or community benefit of the gift here involved, it cannot be denied that the subject matter of this proceeding is permeated with public interest. Unquestionably, the relief sought by the parties is of abiding concern to all of the people of this city and, as such, there need be no express showing of personal interest or further proof that petitioners, individually, are specifically or specially aggrieved parties (Matter of Procaccino v. Stewart, 60 Misc 2d 551, revd. on other grounds 32 A D 2d 486, affd. 25 N Y 2d 301).”
Whether we have two citizens, as here, 148 citizens, as in Albright, or one person individually and as Comptroller of the City of New York (Procaccino), this matter is permeated with public interest and concern, and there is no basis to challenge petitioners’ standing.
Respondents in substance also urge that the tentative approval procedure as outlined in the adopted (but not effective) ordinance is not a final decision, and therefore, may not be judicially reviewed at this stage of the proceeding.
However, section 282 of the Town Law specifically provides: “ Any person or persons, jointly or severally aggrieved by any decision of the planning board concerning such plat or the changing of the zoning regulations of such land, or any officer, department, board or bureau of the town, may have the decision reviewed by a special term of the supreme court in the manner provided by article seventy-eight of the civil practice law and rules provided the proceeding is commenced within thirty days after the filing of the decision in the office of the board.”
I see no difference or distinction between the language of section 282 of the Town Law in reference to a “ planning board ’ ’ and the action of the Town Board in a “ tentative approval ” situation. Whether the Town Board effectively enacted the amendment may be questioned by interested persons, such as petitioners in this case. I hold CPLR 7801 (subd. 1) did not intend to encompass this situation, and instead follow the rationale of Matter of Walton v. Town of Brookhaven (41 Misc 2d 798) as controlling.
Respondents further assert that there can be no interference with 11 legislative acts” of the Town Board. True, I agree. However, in this case we have no legislative act of the board. Concededly no legislation was enacted until September 24, 1971, and the tentative approval given Far ash on August 9, *730 1971 was meaningless and without the authority of a duly enacted ordinance.
The ordinance adopted by the Town Board on April 12, 1971 was never enacted until September 24, 1971. Whether we use section 133 or section 264 of the Town Law, the result is the same. In substance, the sections require that before an ordinance is effective, it must be published and posted, and 10 days thereafter it takes effect (see City of Glens Falls v. Standard Oil Co., 127 Misc. 104; Town of Almond v. Penfold, 58 Misc 2d 780; Matter of Jalowiec v. Reile, 61 Misc 2d 909).
The ‘ ‘ tentative approval ’ ’ of the Farash application is set aside. The ordinance was invalid at the time approval was given (City of Glens Falls v. Standard Oil Co., supra). The amendment to the zoning ordinance relating to PUD is held, however, to be valid subsequent to September 24, 1971.
An order may be made in conformance with this memorandum decision, reserving the privilege to the respondent Farash to renew and the respondent town to review and act on any applications subsequent to September 24, 1971 for PUD, pursuant to the now valid amended zoning ordinance of the Town of East Bloomfield.